[No. 10,142.]

# THE PEOPLE *v.* G. A. KEITH.

ERROR IN ADMITTING TESTIMONY.—If a witness on behalf of the plaintiff is erroneously permitted to testify to a part only of a conversation of the defendant, the error does not prejudice the defendant if he testifies to the remainder of the conversation.

ERROR IN TAKING DEPOSITION.—If a magistrate, in taking a deposition, erroneously excludes a question asked of a witness, the error does no injury, if the testimony sought to be elicited was immaterial.

RECALL OF WITNESS FOR FURTHER EXAMINATION.—The matter of permitting a party who has cross-examined a witness to recall him in order to make a further cross-examination, rests greatly in the discretion of the court, and it is not the practice of the appellate court to disturb the judgment for a refusal to permit a witness to be recalled, unless such discretion has been abused.

IDEM.—Case stated in which it was held the court did not abuse its discretion in refusing to allow a witness to be recalled.

APPEAL from the District Court, Second Judicial District, County of Butte.

The defendant was indicted for murder in killing Erastus B. Walker, in Butte County, California. At the time of

the homicide, Keith was keeping a saloon at Bigg's Station. On the night of the homicide, he and deceased and a man named Starkweather were playing cards in an adjoining saloon, kept by a man named Nelson. The deceased became angry with Starkweather, when Keith left and went to his own saloon. Shortly after, the other parties went to the defendant's saloon. Soon after, the deceased and defendant got into a difficulty, when the defendant shot him. The defendant claimed that the homicide was committed in resisting an attempt on the part of Walker to do him great bodily injury, and that, in any event, the provocation on the part of the deceased was sufficient to reduce the crime to manslaughter.

On the trial, at 6 o'clock P. M., July 15, 1874, the defendant stated to the court that he rested. The court was then adjourned until the next morning at ten o'clock. At the opening of the court the next morning, the defendant presented affidavits, that since the adjournment of the court he had discovered that he could prove by one Rogers that Price, a witness who had been examined by the prosecution, had stated some time before that he never met the defendant without feeling as though he wanted to run a knife through him. The defendant asked to be allowed to recall Price, in order to ask him if he made such statement to Rogers, in order to lay the foundation for calling Rogers. The court denied the application. The prosecution took the deposition of Nelson, under the statute, and offered it in evidence. The defendant objected to its being received, because the justice did not take the whole testimony of the witness, but excluded a part. The court overruled the objection. The defendant was convicted of murder in the second degree, and appealed.

The other facts are stated in the opinion.

*A. Maurice, Jr., and J. H. Budd*, for the Appellant.

The court abused its discretion in refusing to allow Price to be recalled. (3 Wharton Crim. Law, Sec. 3342; 2 Gra. & Wat. on New Trials, 693; 4 Ed. Ch. Rep. 621.)

*John L. Love, Attorney-General,* for the People.

By the Court, CROCKETT, J. :

1. The witness Rosenberg testified to only a portion of the conversation in which the defendant admitted the homicide; and standing alone, the evidence of a part of the conversation would have been inadmissible. (*People* v. *Gelabert*, 39 Cal. 664.) But the defendant, testifying in his own behalf, not only corroborated Rosenberg as to that portion of the conversation, but related fully all the remainder of it; so that the *whole* conversation was proved by the defendant himself, who was not contradicted in any material particular by Rosenberg. If, therefore, the court erred in admitting the testimony of Rosenberg, the error could not prejudice the defendant. Moreover, if a witness is unable to state the whole of the conversation, the remainder of it may be proved by another witness. (*People* v. *Ah Wee*, 48 Cal. 236.)

2. There was no error in refusing to exclude the deposition of Nelson. The only objection made to the deposition was, that the magistrate before whom it was taken excluded a question propounded by the defendant to the witness on cross-examination. It is contended that the magistrate had no authority to decide upon the competency or relevancy of the evidence, and that it was his duty simply to write down the questions and answers, noting the exceptions, if there were any. Assuming this to be correct, the error in excluding the question wrought no injury to the defendant, inasmuch as the evidence sought to be elicited by the question was immaterial.

3. The instructions, taken together, fairly stated the law, and could not have misled the jury. They were fully as favorable to the defendant as the facts warranted.

The only point in the case presenting a serious difficulty is whether the court abused its discretion in refusing to permit the defense to recall the witness Price for further cross-examination, in order to lay a foundation for the evidence of the witness Rogers, as to the declarations of Price,

evincing hostility toward the defendant. Both witnesses were present in court, and the application was promptly made before the prosecution had offered any evidence in rebuttal. In such cases it is certainly the better practice to grant the applications, unless the court is satisfied that there is an attempt to trifle with it, or that its time would be uselessly consumed. But necessarily such matters must rest greatly in the discretion of the court below; and it is not our practice to interfere in such cases, except where there has been clearly an abuse of discretion. In this case, the testimony of the witness Price did not differ materially from that of the other witnesses who were present at the homicide, nor from the account which the defendant himself gave of the transaction, when testifying. Moreover, there was already some testimony in the cause tending strongly to show hostility on the part of Price towards the defendant, and the court may reasonably have considered under these circumstances that it would be only a useless consumption of time to open the door for further proofs on this point. We cannot say that this was such an abuse of discretion as to require a reversal of the judgment.

Order and judgment affirmed.