[Crim. No. 524.   Second Appellate District.—January 30, 1917.]

## THE PEOPLE, Respondent, v. WILLIAM VALENCIA, Appellant.

CRIMINAL LAW—TRIAL—ORDER OF PROOF—CORROBORATION OF EVIDENCE IN CHIEF BY REBUTTAL TESTIMONY.—In a criminal action it is not a ground for complaint that a witness called by the prosecution in rebuttal, was, over defendant's objection, permitted to give testimony, a part of which was in rebuttal of no evidence adduced on behalf of the defendant, but which tended to corroborate evidence in chief offered by the people, where no abuse of discretion is affirmatively shown from the ruling, as under section 1093 of the Penal Code the court has discretion to depart from the order of proof under proper circumstances.

ID.—RIGHT TO CONTRADICT EVIDENCE—LACK OF TENDER—APPEAL—POINT NOT AVAILABLE.—Where the defendant made no tender of evidence to contradict such rebuttal testimony, he cannot complain on appeal that he was deprived of the right to introduce such evidence.

ID.—EXEMPTION FROM PROSECUTION—EXTRAJUDICIAL STATEMENT—SECTION 1324, PENAL CODE, INAPPLICABLE.—A defendant in a criminal action cannot invoke the provisions of section 1324 of the Penal Code by reason of the fact that he, prior to the issuance of a warrant for his arrest and while he was in jail, made a statement to the justice of the peace with reference to his movements and whereabouts at the time of the commission of the offense, as such statement was not made in the course of any trial, hearing, or judicial

proceeding, as defined by that section, nor to such justice in his judicial capacity.

ID. — INSTRUCTION — DISREGARD OF EMPHATIC OPINIONS BY JURORS — COMMONPLACE MATTERS.—An instruction that emphatic expressions of opinions of jurors are rarely productive of good, and that jurors should hold their minds in such state that they might fully and freely interchange views with each other, and receive suggestions from fellow-jurors, and that it is advisable both for the interest of the state and defendant that a verdict should be returned, is not prejudicial to the rights of the defendant, as it consists of commonplace matters, which would have occurred to the jury without instruction.

APPEAL from a judgment of the Superior Court of Ventura County, and from an order denying a new trial. Merle J. Rogers, Judge.

The facts are stated in the opinion of the court.

Orr & Gardner, for Appellant.

U. S. Webb, Attorney-General, Robert M. Clarke, Deputy Attorney-General, and Roberto B. Camarillo, for Respondent.

SHAW, J.—Defendant was convicted of the crime of robbery. He appeals from the judgment and an order denying his motion for a new trial.

1. Complaint is made that C. J. Elliott, a witness called by the prosecution in rebuttal, was, over defendant's objection, permitted to give testimony, a part of which was in rebuttal of no evidence adduced on behalf of defendant, but which tended to corroborate evidence in chief offered by the people. "The fact that it was permitted to be given in rebuttal constituted in itself no ground for complaint. A court is warranted in departing from the order of proof prescribed by section 1093 of the Penal Code under proper circumstances. Whether it shall permit such departure is a matter committed to its sound discretion, and its action in that regard is not ground upon which error may be predicated, unless the discretion appears to have been grossly abused, and this abuse must affirmatively appear." (*People* v. *Willard*, 150 Cal. 543, 550, [89 Pac. 124].) The rule contained in section 1093, prescribing the order in which evidence shall be received, is not mandatory, but may be departed from in the sound dis-

cretion of the court. (Pen. Code, sec. 1094; *People* v. *Compton,* 123 Cal. 403, [56 Pac. 44].) The contention that defendant was deprived of the right to introduce evidence in contradiction of new matter brought out by Elliott's testimony, is wholly without merit, since, in the absence of such tender of evidence, no right was denied him. Had he made such tender, no doubt the court, as it was empowered to do (*People* v. *Christensen,* 85 Cal. 568, 570, [24 Pac. 888]), would have permitted him to reply to such alleged new matter.

2. It is next claimed that the prosecution was barred under the provisions of section 1324 of the Penal Code. This contention is based upon the fact that Elliott, who it seems was a justice of the peace, prior to issuing a warrant for defendant and while the latter was in jail, called upon him, at which time defendant voluntarily made a statement to Elliott with reference to his movements and whereabouts at the time the offense was committed. Not only did the statement so made by defendant and testified to by Elliott, standing alone, tend to exonerate the defendant, since it contained a positive denial of any complicity in the crime, but it was not made in the course of any trial, hearing, or judicial proceeding, as defined by section 1324; nor was it made under oath, nor to Elliott other than in his individual character. The provisions of the section cannot be invoked by one accused of crime in voluntarily making extrajudicial statements. (*People* v. *Dye,* 29 Cal. App. 169, 181, [154 Pac. 875].)

3. Objection is made to an instruction given which contained the following: '' . . . It sometimes happens that when jurors enter the jury-room they make emphatic expression of the opinions they have in the case of their firm determination of adhering to them. Such emphatic expressions of opinion are rarely productive of good. By their emphatic expression of opinion a sense of pride is enlisted and a juror subsequently, though advised of the position he announced is not tenable, hesitates from receding from that position for the reason that he has already expressed his determination to adhere to it. I would advise you gentlemen, to hold your minds in that state of abeyance so you may fully and freely interchange views with each other, and each individual juror hold his mind so open that he may receive the suggestions and remarks of his fellow-jurors and that his remarks may be entertained and received in the same spirit. I think that by observing that

rule interchanging fully between yourselves, your views upon the evidence, that there is more likelihood you will reach a verdict than if you made an emphatic expression of the position you have assumed. You will remember, gentlemen, in the matters of this character it is advisable both for the interest of the state and benefit of the defendant that a verdict should be returned, that there should be a conclusion of the trial, and you are to remember, too, gentlemen, that you are not partisans in this matter, but you are judges, and that it is not with the opinion with which you retire but with the judgment with which you return that the correctness of your deliberation is to be estimated, and that in your deliberations in the jury-room there can be no triumph excepting the ascertainment and declarations of the truth.'' The substance of the part of the instruction to which objection is urged consists of commonplace matters which no doubt would have occurred to the jury without having it said to them by the court. At all events, there was nothing in the instruction, or any part of it, as in the case of *People* v. *Carder*, 31 Cal. App. 355, [160 Pac. 686], from which the jury could have drawn any inference indicative of the mind of the court as to the guilt or innocence of the defendant. No intimation whatever was given as to how the court regarded the evidence; the sole purpose of the instruction being to require a reasonable effort on the part of the jury to come to some conclusion one way or another. Hence, in no event could defendant have been prejudiced thereby. (*People* v. *Wilt,* 173 Cal. 477, [160 Pac. 561] ; *People* v. *Miles,* 143 Cal. 636, [77 Pac. 666] ; *Niles* v. *Sprague,* 13 Iowa, 198.)

The stereotyped contention that the district attorney was guilty of misconduct which prejudiced the rights of defendant merits no consideration.

The judgment and order appealed from are affirmed.

Conrey, P. J., and James, J., concurred.