[Crim. No. 1031. First Appellate District, Division One.—March 31, 1922.]

## THE PEOPLE, Respondent, v. GEORGE RUEF, Appellant.

[1] CRIMINAL LAW—BURGLARY—INDICTMENT—EVIDENCE—APPEAL—UNTENABLE CLAIM OF VARIANCE.—A defendant convicted of burglary on an indictment wherein the offense was denominated robbery cannot contend on appeal that there was a fatal variance between the evidence and the indictment, where trial was had upon such indictment without objection and the indictment showed with sufficient clearness by specific allegations that the offense charged was burglary.

[2] Id. — Evidence — Confession — Cross-examination of Witness —Restriction not Prejudicially Erroneous. — Error in refusing a witness for the prosecution, who had testified on his direct examination to a confession made to him by the defendant, to be cross-examined as to whether he had disclosed such confession to the grand jury when he appeared as a witness before that body, was not prejudicial where the confession was also testified to by two other witnesses.

[3] Id.—Support of Verdict—Confession—Corpus Delicti.—While extrajudicial confessions alone are insufficient to sustain a conviction, where in addition thereto there is independent proof of the *corpus delicti*, the verdict is sufficiently supported by the evidence.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. Louis H. Ward, Judge. Affirmed.

The facts are stated in the opinion of the court.

William F. Herron for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

KERRIGAN, J.—The defendant was convicted of the crime of burglary in the second degree. From the judgment of conviction and from the order denying his motion for a new trial this appeal is prosecuted.

The evidence shows that the defendant with others on or about the twenty-ninth day of April, 1921, burglarized certain premises on First Avenue, in the city of San Francisco, taking therefrom a large quantity of wine and liquor. One witness testified that he saw three men in front of the premises from which said property was stolen early in the morning of the burglary. Entrance to the premises was effected through a large hole made by the use of a brace and bit and a saw. The property was carried away in an automobile. About the time of the burglary the defendant had rented a house on Rivoli Street, in said city, in which an insurance business purported to be conducted. Although the defendant negotiated the lease and paid the rent, the insurance business, if carried on at all, was not conducted in his name, but in that of E. G. Walter & Co., as shown by a sign upon the front of the premises. Subsequent to

the burglary a detective searched these premises and found thereon two hack-saws, a bolt-cutter, a brace, and three bits of uniform size, which bits fitted the holes made at the point where the entry of the burglarized premises was effected. The defendant admitted to three police officers that he participated in the burglary. He stated that he conveyed his confederates to the premises in an automobile; that according to prearrangement they were to effect an entrance into the basement of the premises, he in the meantime keeping the automobile in motion and occasionally passing the house; that upon an agreed signal he rejoined his confederates at the scene of their activity and loaded into the automobile the wine and liquor as it was delivered to him by them on the sidewalk.

The testimony introduced by the prosecution is uncontradicted, the defendant neither having offered himself as a witness nor called anyone in his behalf.

[1] It is first contended by the appellant that there was a fatal variance between the evidence and the indictment, and that it was, therefore, error on the part of the trial court to deny his motion that the jury be instructed to return a verdict of not guilty. This contention is based upon an evident inadvertence in the indictment, wherein the offense is denominated "robbery," but this general designation is immediately followed by specific allegations showing, with sufficient clearness, that the offense charged was burglary. While the indictment was subject to demurrer upon the grounds of uncertainty and ambiguity, it does not follow that, having gone to trial upon it without objection, and been convicted of burglary, a defendant can upon appeal ignore the language thereof which specifically charged this offense, and affect to believe that he was on trial for robbery, and upon this foundation base a contention that the proof being of burglary there was a variance between it and the indictment.

[2] Defendant also contends that the trial court committed error in restricting the cross-examination of one of the witnesses for the prosecution. This witness, on his direct examination, had testified to a confession made to him by the defendant, and upon cross-examination the court refused to permit him to be asked if, when he appeared as a witness before the grand jury, he had disclosed to that

body this alleged confession. The witness had said on his direct examination that the confession had been made to him after the arrest of the defendant on the grand jury indictment. While, therefore, we think, in view of some ambiguity in the record as to the precise time referred to (there having been more than one indictment returned against the defendant or his confederates), the question should have been permitted, still we are unable to perceive wherein the defendant suffered any substantial injury as a result of the ruling of the court, for this confession of the defendant was also testified to by two other witnesses.

[3] Defendant finally contends that the only evidence in the case tending to support the verdict is the confession heretofore referred to. It is, of course, true, as pointed out by the appellant, that extrajudicial confessions alone are insufficient to sustain a conviction; but where, as here, in addition to the confession there is independent proof of the *corpus delicti,* it is well-established that the verdict is sufficiently supported by the evidence. (*People* v. *Jones,* 31 Cal. 565; *People* v. *Thrall,* 50 Cal. 415; 6 Am. & Eng. Ency. of Law, 582.) A conviction based on a confession will stand although uncorroborated by any other evidence, if the *corpus delicti* be proven. (16 C. J. 736; *People* v. *Ford,* 25 Cal. App. 388 [143 Pac. 1075].)

The judgment and order are affirmed.

Tyler, P. J., and Knight, J., *pro tem.,* concurred.