[Crim. No. 1063. First Appellate District, Division One.—February 21, 1923.]

THE PEOPLE, Respondent, v. JAMES ROSS, Appellant.

[1] CRIMINAL LAW — BURGLARY — DEGREE—EVIDENCE.—A verdict of guilty of burglary in the first degree committed during the period between sunset and sunrise is sufficiently sustained by evidence that the pearls which it was charged that defendant took from a jewelry store located at a corner of two principal business streets were left on display in the show-window when the store was closed after sunset and that when the store was opened the following morning one hour and seventeen minutes after sunrise, the window was found broken and the pearls missing.

[2] ID. — BURGLARY — IDENTITY OF DEFENDANT — EVIDENCE.—In this prosecution for burglary, the identity of the defendant as the perpetrator of the crime was sufficiently established by his confession after proof of the *corpus delicti*.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Louis H. Ward, Judge. Affirmed.

The facts are stated in the opinion of the court.

N. S. Lee for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

ST. SURE, J.—Defendant was convicted of burglary in the first degree, and appealed from the judgment and from an order denying his motion for a new trial.

When the jewelry store of Albert Samuels & Company, at the corner of Fifth and Market Streets, San Francisco, was closed on the evening of January 19, 1922, there were eight strings of pearls, valued at several thousand dollars, left on display in the show-window. The clerk who closed the store returned the following morning at 8:30 o'clock, to find the glass window broken and the pearls missing. On the 7th of February, 1922, the defendant was arrested and charged with the theft.

[1] Defendant contends that the evidence is insufficient to sustain a verdict of guilty of burglary in the first

degree, committed during the period "between sunset and sunrise." (Pen. Code, secs. 460 and 463.) The evidence is undisputed that the burglary was committed between the hours of 6:15 o'clock (after sunset) January 19, 1922, and some time prior to 8:30 o'clock (one hour and seventeen minutes after sunrise) on the following morning. The store where the burglary was committed is located at a corner of two of San Francisco's principal business streets. It was a reasonable inference for the jury to draw from the evidence that the burglary was committed in the "night-time" rather than in the "daytime." Consummation of the crime after sunrise would have necessitated breaking the window and taking the pearls in full view of passing pedestrians. The conclusion is obvious that the crime was committed at dead of night. (*People* v. *Shafer*, 161 Cal. 573 [119 Pac. 920].)

[2] Defendant further contends that there is no evidence connecting him with the commission of the crime. Such claim is untenable. The undisputed evidence shows that the arresting officer informed the defendant that he was wanted for "burglarizing Samuels' store." Defendant neither protested innocence nor denied the charge. He was taken to a pawnshop by the arresting officer, who told him that he had recovered six of the strings of pearls, and asked what became of the other two. The defendant replied: "I do not know anything about them." On the way to the Hall of Justice he said to the officer in the presence of witness Brandt: "You let me go; you got all the pearls. I got six strings, all I got, and you got them; you ought to let me go." After proof of the *corpus delicti* this confession was sufficient to establish the identity of the defendant as the person who took the pearls.

The judgment and order denying a new trial are affirmed.

Tyler, P. J., and Richards, J., concurred.