[Crim. No. 1443. Second Appellate District, Division One.—March 10, 1927.]

THE PEOPLE, Respondent, v. BURR COYLE, Appellant.

[1] CRIMINAL LAW — EMBEZZLEMENT — AGENCY — FRAUD. — An agent, having authority to sell or otherwise dispose of property, who sells or disposes of it with a fraudulent intent to appropriate it or its proceeds to his own use, is guilty of embezzling it as much as if he had no authority to sell or otherwise dispose of it.

[2] ID.—EMBEZZLEMENT BY AGENT—STOCK—INTENT—EVIDENCE.—In this prosecution for embezzlement, the evidence was sufficient to show that defendant, as agent entrusted with corporate stock to procure loans thereon for the benefit of his principal, did not use the stock for the purpose authorized but made collateral loans with fraudulent intent to appropriate the proceeds to his own use.

[3] ID.—CONFESSIONS — CORPUS DELICTI — EVIDENCE. — In such prosecution, where there was more than *prima facie* proof of the *corpus delicti,* defendant's confession was properly admitted in evidence.

(1) 20 C. J., p. 431, n. 43.   (2) 20 C. J., p. 487, n. 65.   (3) 16 C. J., p. 737, n. 51.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Arthur Keetch, Judge. Affirmed.

The facts are stated in the opinion of the court.

John F. Groene for Appellant.

U. ·S. Webb, Attorney-General, and John L. Flynn, Deputy Attorney-General, for Respondent.

McLUCAS, J., *pro tem.*—The information is in eight counts, four of which charged the defendant with the crime of grand larceny of certain stocks, and the other four counts charged the defendant with the crime of embezzlement of the identical stocks mentioned in the larceny counts. The jury returned a verdict acquitting the defendant on the four counts charging grand larceny, and finding the defendant guilty on the four counts charging embezzlement. The trial court pronounced judgment and sentenced the defendant on count VIII, while sentence was suspended on counts II, IV, and VI. Defendant appeals from the judgment and from the order denying his motion for a new trial.

Defendant first urges that he is not guilty of the crime of embezzlement as charged in count VIII, and alleges that there is no proof of conversion of the Lincoln Mortgage Company stock as charged in said count, but that the defendant only carried out the instructions of the complaining witness, Mary Dwyer, in securing a loan on the stock used as col-

3. Necessity of proof of *corpus delicti* before admission of confession, note, 6 **Am. St. Rep.** 251. See, also, 8 **Cal. Jur.** 234; 1 **R. C. L.** 587. Proof of *corpus delicti* in embezzlement independent of confession, note, **L. R. A.** 1917A, 1289. Proof of *corpus delicti* for purpose of corroborating confession, notes, 68 **L. R. A.** 50, 64, 68, 71, 73; **L. R. A.** 1916B, 748, 848.

lateral, for the purpose of buying other stocks as authorized by the complaining witness.

Examination of the record discloses that Mary Dwyer first met the defendant in August, 1925, to whom she delivered fifty units of Lincoln Mortgage Company stock, and authorized the defendant to secure a loan, using the stock as collateral, and to buy Sinclair Consolidated Oil stocks with the proceeds, the defendant stating that in his opinion the market price would rise in two or three months and that "she would make quite a little profit." The complaining witness states that the maturity date of the loan was at no time mentioned by the defendant.

On August 29th the defendant delivered to Mrs. Dwyer the following receipt:

"Received of Mrs. Mary Dwyer 100 sh. N. Star Mng. Co. 50 units Lincoln Mort. . . . to be used in the purchase of ten (10) shares Sinclair Cons. Oil Co. to be held in trust by me.

"Dated Aug. 29, 1925.

"Accepted Mrs. Mary Dwyer.

"BURR COYLE."

On the same date the defendant executed a collateral note, payable to J. H. Corbin & Company, in the sum of two hundred dollars, due twelve months from date thereof, and as collateral delivered to Corbin & Company the fifty units of Lincoln Mortgage Company stock owned by the prosecuting witness. It nowhere appears that defendant ever purchased the ten shares of Sinclair Oil Company stocks as instructed, nor were these shares ever delivered to the complaining witness. Neither was the Lincoln Mortgage Company stock ever returned to Mrs. Dwyer. During the month of March, 1926, Mrs. Dwyer, having heard nothing from the defendant, telephoned to him and demanded the return of the Lincoln Mortgage Company stock. Defendant replied that he would see what he could do, but Mrs. Dwyer did not hear from the defendant thereafter.

[1] The prosecution introduced the confession of the defendant, from which it appears that the defendant's plan of operation at this time in this and similar transactions was to secure a collateral loan from Corbin & Company, mingle the proceeds with his own funds and use a part of the money for his personal expenses, as well as buy and sell Sinclair

81 Cal. App.—43.

Consolidated Oil stock, and deposit the proceeds in his personal account. In no instance did the defendant hold the stock "in trust" for his principal.

Defendant cites *People* v. *Borchers*, 199 Cal. 52 [247 Pac. 1084], and *People* v. *Hughes*, 79 Cal. App. 697 [250 Pac. 869], in support of his contention that the defendant cannot be found guilty of embezzlement, because he alleges there can be no conversion of the Lincoln Mortgage Company stock when the defendant merely followed the instructions of his principal in using the stock as collateral to a loan. The answer to this contention is to be found in one of the cases cited by defendant.

In *People* v. *Hughes, supra*, the court says at page 325: "At first blush the question as to whether an agent may be said to have converted the property of his trust or the proceeds of a sale thereof frequently will appear difficult of determination, but the consensus of authority consistently holds that the solution of the question depends upon the point in time when criminal intent was first conceived. As said in 20 C. J., page 431, section 18: 'Authority to do the act relied upon as a conversion is no defense, if it was done with felonious intent.' And in *Agar* v. *State*, 176 Ind. 234 [94 N. E. 819], where it appeared that the defendant, in lawful custody of public warrants, passed them to the auditor and received credit for the proceeds, it was said:

"'Authority to do an act relied on as conversion is no defense if it was done with felonious intent. The intent with which the act was done was the vital question in the case.

"'The rule is that when an agent or employee does with money or property in his possession only what he is authorized to do by the terms of the employment, having no felonious intent, he is not guilty of embezzlement. But the authority to sell property or to otherwise deal with it is no defense to a charge of embezzlement, if the agent or employee converts the same to his own use with a fraudulent intent. Therefore when an agent or employee has authority to sell or otherwise dispose of property, and does sell or otherwise dispose of it, not for the purpose authorized, but with the fraudulent intent to appropriate it or its proceeds to his own use, he is guilty of embezzling the property itself, as much as if he had no authority to sell or otherwise dispose

of it, for the sale or other disposition of the property with said fraudulent intent is a conversion. (*Leonard* v. *State,* 7 Tex. App. 417; *United States* v. *Sander,* 6 McLean, 598 [Fed. Cas. No. 16,219]; 98 Am. Dec. 134, note; 2 Bishop's Crim. Law [6th ed.], sec. 371; 2 Bishop's Crim. Law, secs. 370, 371; Clark & Marshall on Law of Crimes [2d ed.], p. 520; 10 Am. & Eng. Ency. of L., 995, 996.)'

"Again, in *State* v. *Baumhager,* 28 Minn. 226 [9 N. W. 704], it is said: 'The distinction must be kept in view between the offense and the evidence of it. The first possession being lawful, the act of embezzlement consists, in a certain sense, in a *mere act of mind,* without any outward or visible trespass, as in the ordinary larceny. That this mental act of fraudulent appropriation has taken place has to be inferred from the conduct of the defendant. (Roscoe's Cr. Ev. 453.]'"

[2] In the instant case we are well satisfied after reading the whole record that the defendant did not use the Lincoln Mortgage Company stock for the purpose authorized, but that he made the collateral loan with a fraudulent intent to appropriate the proceeds to his own use. It therefore follows that defendant was guilty of embezzlement of the Lincoln Mortgage Company stock as charged in the information, and that there is no variance between the allegation of the information and the proof.

[3] Appellant next urges that the *corpus delicti* was not established, and in connection therewith states the familiar rule that admissions of a defendant standing alone are insufficient to establish his guilt. In *People* v. *Selby,* 198 Cal. 426 [245 Pac. 426], it is said at page 437: "It is apparent from this review of the cases that the general trend of authority has been to hold that upon *prima facie* proof of the *corpus delicti* the extrajudicial statements, admissions, or confessions of the accused may be *admitted* in evidence and having been so properly admitted they may, with the evidence *aliunde,* be considered by the jury in its determination whether or not all the elements of the crime and the connection therewith of the accused have been established to a moral certainty and beyond all reasonable doubt."

In this case we think there was more than *prima facie* proof of the *corpus delicti,* and that the confession was prop-

erly admitted in evidence and submitted to the jury for its consideration in determining whether the defendant was guilty beyond a reasonable doubt.

It is ordered that the judgment and the order denying the motion for a new trial be affirmed.

Conrey, P. J., and Houser, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 9, 1927.