[Crim. No. 1951. Second Appellate District, Division One.—September 2, 1930.]

THE PEOPLE, Respondent, v. HARMON WOOD VAN VLECK, Appellant.

Louis C. Drapeau and Sheridan, Orr, Drapeau & Gardner for Appellant.

U. S. Webb, Attorney-General, John D. Richer, Deputy Attorney-General, and J. C. Hollingsworth, District Attorney, for Respondent.

YORK, J.—Defendant was convicted of a violation of section 288 of the Penal Code, and upon this appeal raises one point only: That the trial court erred in giving to the jury the following instruction:

"I have admonished you at various adjournments of the Court that you were not to have an expression of opinion among yourselves, or converse with yourselves about the case.

That admonition is now necessarily withdrawn, and you are now advised that in the proper discharge of your duty you are to have the fullest and freest exchange of ideas among yourselves in the jury room.

"It sometimes happens that when jurors enter the jury room they make emphatic expression of the opinions they have in the case and of their firm determination to adhere to them. Such expressions and attitudes are rarely productive of good. By such emphatic expression of opinion a sense of pride may be enlisted and a juror subsequently, though convinced that the position that he announced is not tenable, may hesitate to recede from that position for the reason that he has already expressed his determination to adhere to it.

"I would advise you to hold your minds in that state of abeyance so you may fully and freely interchange views with each other, and that each individual juror hold his mind so open that he may receive the suggestions and remarks of his fellow jurors and that his remarks may be entertained and received in the same spirit."

Appellant contends that a fair reading of this instruction is susceptible of no other interpretation than that a defendant is to be convicted by the will of a majority of the jurors, and that this will of the majority must be followed by the minority of the jury, and that whenever such a situation develops, it is the duty of the minority to give in to the view of the majority and render a verdict accordingly. Further, that the words "and attitudes" in the second sentence of the second paragraph of the instruction imply to a juror that he should not have any opinion about the case until the majority opinion of the jury has been secured and then that the individual juror who may not have such opinion is in duty bound to agree with the majority.

We believe that there was nothing in the instruction given whereby the jury could infer that the trial judge believed the defendant to be guilty of the crime charged. No intimation was given as to how the court regarded the evidence. Apparently the sole purpose of the instruction was to require the jury to make every proper effort to come to some conclusion as to the guilt or innocence of the

defendant by a *full* and *free* but not intemperate exchange of ideas in the jury-room.

The judgment is therefore affirmed.

Houser, J., concurred.

CONREY, P. J., Concurring.—I concur in the judgment. The Supreme Court has refused to disapprove of similar instructions. (*People* v. *Miller*, 177 Cal. 404, 409 [170 Pac. 817], citing *People* v. *Valencia*, 32 Cal. App. 631 [163 Pac. 865].) Moreover, the court did give the usual and appropriate instruction to the effect that if any juror should entertain a reasonable doubt of the guilt of the defendant, it is the duty of such juror not to vote for a verdict of guilty, nor to be influenced in such voting by the single reason that a majority of the jurors are in favor of a verdict of guilty.

But, while the questioned instruction is not legally erroneous, I think that there is no small degree of absurdity in the giving of such instruction, which undertakes to tell jurors how they should regulate their expressions of opinion to each other in the jury-room. The principles out of which such an instruction grows would perhaps better be inculcated in the juror during his school days, or be developed in the characters of his ancestors.