[Crim. No. 2229. Second Appellate District, Division Two.—January 24, 1933.]

THE PEOPLE, Respondent, v. JOHN HENDRICKS et al., Appellants.

J. Irving McKenna, Catherine McKenna and Charles P. Temple for Appellants.

U. S. Webb, Attorney-General, James S. Howie, Deputy Attorney-General, Buron Fitts, District Attorney, and George Stahlman, Deputy District Attorney, for Respondent.

CRAIG, Acting P. J.—Appeals were taken by each of the defendants upon the same record from judgments based upon verdicts of a jury finding them guilty of murder in the first degree and fixing the penalty as imprisonment in the penitentiary for life, and from orders denying their motions for a new trial.

■ It is contended that the evidence was insufficient to justify the verdicts and judgments, but we are impelled by a careful review of the same to hold this contention untenable and not requiring a detailed recital of the testimony. The body of an unclothed man was discovered by a road foreman in a canyon in Los Angeles County, bearing wounds upon either side of the head, and a necktie tightly drawn about the neck. It lay in a ditch which had been excavated on the preceding day, and was identified as that of a man who had been in company with the defendants at a store and drinking resort for a period of two weeks to and including the day last mentioned, by the name of Robert J. Erwin. At the request of the proprietor that Erwin be taken home and placed in bed the defendants departed with him, an automobile horn was heard, and thereafter the defendants returned to the store without him. He was not again seen there alive. It appeared that Hendricks on the following day stored Schwartz's automobile in a garage which he locked, wherein it was washed by the former, and from which it was not for some time removed. Blood stains were found on the running-board and on a cushion of the automobile, and upon a suit of clothes and overcoat belonging to Hendricks. Clothing of the deceased was discovered at a distance of two and one-half miles from the body, and all jewelry, money and personal effects had been removed therefrom. A ring and other articles similar to those previously in the possession of the deceased were seen in

Hendricks' possession soon afterward, and it was testified that he later stated, "I have sold my ring." Each of the defendants, according to numerous witnesses, confessed to the latter that Erwin had been struck by one with a wrench and rendered unconscious, placed upon the ground in the canyon and strangled by the other; that he "remained quiet". Further pursuing of the evidence, through about a thousand pages of the transcript, we think unnecessary, and the appellants have indicated no substantial detail in which it was deficient.

One Morgan, called on behalf of the defendants from the county jail, where he was awaiting trial upon a charge of homicide, was advised by the trial court as to his constitutional rights; and his counsel, the public defender, strenuously objected to examination of the witness and instructed him not to answer questions. Upon his expression of willingness to testify in the instant case and of a desire to have counsel for appellant Schwartz substituted as his attorney, the public defender requested that he be permitted to withdraw, which withdrawal and substitution were referred to another department of the superior court. Thereupon the witness returned, the jury were recalled to the courtroom, and he was examined at length by the defendants' counsel. The testimony of Morgan was to the effect that he and a confederate other than either of the defendants had at the time in question taken in their automobile a man who expired, that they removed his clothing, confiscated his money and jewelry, and left the body in said canyon. This evidence was at best the basis of a possible doubt for consideration by the jury. ▮ The trial court, at the instance of the defendants, subsequently properly ordered stricken all testimony as to the facts and nature of the charges upon which the witness was being held and admonished the jury to disregard it. Thereafter and during the examination of another witness the defendants introduced evidence of the same facts, but it is here insisted that its previous admission occurred during cross-examination by the People, and that it constituted prejudicial error requiring a reversal of the judgments. It is not suggested as to how, in such a case, any legal effect of such evidence upon the rights of the appellants should be characterized as vindicative or preju-

dicial according to sponsorship, nor does the distinction readily appear discernible. The defendants do not appear to have requested a like admonition as to the same evidence offered and admitted in their behalf. Hence the rulings in this respect were harmless.

■ When Morgan was called the jury were excluded, and arguments and colloquies between the court and counsel regarding this witness and the proposed substitution of attorneys are said to have been audible in adjoining rooms and capable of prejudicially influencing the jurors. The record fails to disclose objection to the proceedings or support for such a conclusion, hence the contention does not call for consideration upon appeal.

■ The same witness was recalled by the district attorney for further cross-examination as to his statements regarding the same occurrence to which he had testified and which were contrary to his testimony previously given. Having thus impeached him, other witnesses were sworn who testified to such contradictory statements. It is objected that the district attorney, having made Morgan his own witness, interrogated him upon matters not theretofore in evidence, and that this was error. It lay within the sound judicial discretion of the trial court to determine as to whether or not the witness should be recalled under existing circumstances. (*People* v. *Keith,* 50 Cal. 137.)

■ A requested instruction to the jury that in determining whether the crime charged had been committed the jury must draw any conclusions as to guilt from evidence wholly exclusive of any statement or declaration of the accused; and that in determining the degree of the offense the jury should not consider any statement or declaration of either defendant, was refused. Such refusal was proper. "When the case is submitted for their verdict the jury may consider all the evidence in the case, including extrajudicial statements, admissions or confessions of the accused, in determining whether or not all the elements of the offense charged and the connection therewith of the accused have been established to a moral certainty and beyond a reasonable doubt." (*People* v. *Selby,* 198 Cal. 426 [245 Pac. 426].)

■ The giving of instructions which were founded upon evidence before the jury tending to show that the deceased

had previously been in possession of money and other personal effects, which were thereafter absent from his clothing and were discovered in possession of the defendants or either of them, and defining homicide accompanied by robbery, is assailed as prejudicially erroneous. That the evidence warranted such instructions does not require further recital of the record. ■ And it is settled law that one who kills another in the perpetration of or attempt to perpetrate arson, rape, robbery, burglary or mayhem is guilty of murder of the first degree as provided by section 189 of the Penal Code. "It is not of the slightest consequence that the conspirators may not have intended to bring about their victim's death. The killing, having occurred in the perpetration of robbery, was murder of the first degree." (*People* v. *Witt,* 170 Cal. 104, 108 [148 Pac. 928]; *People* v. *Perry,* 195 Cal. 623 [234 Pac. 890].) Other repeatedly approved instructions are discussed in the briefs, which we do not deem it necessary to reconsider and further burden the opinion in view of preceding decisions. (*People* v. *Valencia,* 32 Cal. App. 631 [163 Pac. 865]; *People* v. *Grill,* 151 Cal. 592 [91 Pac. 515]; *People* v. *Fowler,* 178 Cal. 657 [174 Pac. 892]; *People* v. *Selby,* 76 Cal. App. 715 [245 Pac. 792]; *People* v. *Leddy,* 95 Cal. App. 659 [273 Pac. 110].)

■ Concerning the motions for a new trial, the clerk's transcript fails to show that the trial court either granted or denied them. However, the motions were made, as of course they must be, before judgment was pronounced, and we may presume that the court performed its duty and acted upon them prior thereto. Since both the appellants and the respondent have treated the case as one where the motions for a new trial had been denied, we shall assume that such was the court's order in each instance.

No error appearing, the judgments and orders appealed from are affirmed.

Stephens, J., and Archbald, J., *pro tem.,* concurred.