[Crim No. 2714.  Second Appellate District, Division Two.—June 3, 1935.]

## THE PEOPLE, Respondent, v. JAMES MEYERS, Appellant.

Gladys Towles Root for Appellant.

U. S. Webb, Attorney-General, and John O. Palstine, Deputy Attorney-General, for Respondent.

FRICKE, J., *pro tem.*—It is first urged that there was no proof of the *corpus delicti* independent of the extrajudicial

statements of the accused. It appears from the testimony of the autopsy surgeon that he found on the body of the deceased a laceration on the top of the head, a contusion over the left temporal region, an extensive swelling of the left cheek, a black and blue discoloration of the right eye and several lacerations on the lips and chin; that the cause of death was concussion of the brain due to violence; that the concussions were caused by either blows or falls; that in order to get all the injuries in a fall the head of deceased would have had to strike something capable of inflicting such injuries which would fit just exactly the contour of the head. The doctor also testified that while deceased might have lived for some time after the injuries, it was not probable that he walked thereafter; that the laceration on the chin was administered by some instrument, but that he was unable to say whether the blow was struck with a fist or with a harder object.

The body of deceased when first discovered was entirely upon a bed, lying upon the face in a pool of blood. There were spots of blood near the head and small spots all the way up to the ceiling, on the wall about four feet south of the feet of the body, on the door of a closet and on each side of a wash basin. There was no blood on the floor.

The evidence further discloses that in his first conversation after his arrest on September 18th appellant first denied knowing anything about the crime but later stated that he made his living "rolling drunks"; that he and one Shoemaker followed deceased to his room, that Shoemaker hit the man once before he entered his room and that they then took what money they could find—a watch and a little purse —after which they went out the back way and threw "the stuff" underneath a stairway. Thereafter appellant admitted that he had committed the offense alone, and agreed to go to the room and reenact the manner in which it was done. He led the officers to the room of deceased and upon arriving there stated that he had entered the room right behind the deceased with the intention of robbing him; that deceased sat on his bed and asked appellant what he wanted, to which the latter made no reply but hit deceased on the side of the face with a pair of brass knuckles; that deceased tried to get up and appellant hit him again, whereupon deceased rolled over and fell on the bed, after which appellant

went through the victim's pockets and removed his watch, a
dollar bill, a purse containing a few cents and some papers,
threw some papers out of the window and left by the back
way, throwing the stolen property under the stairway.   In
addition appellant reenacted the crime.   It also appears that
appellant denied that he had killed deceased.   The police
chemist found blood upon the shirt of appellant and in the
material removed from under appellant's fingernails.

■   The finding of the body lying upon the bed, the spat-
ters of blood on the walls and on the side of the wash basin,
the multiple cuts and abrasions on the head, the improba-
bility of the deceased walking after his injuries, the pool of
blood under the head, indicating that it fell to that position
and remained there, and the absence of blood on the floor—
even without the other evidence tending to the same conclu-
sion—tell most eloquently the story of a man beaten to
death by an assailant, and are wholly inconsistent with any
such theory as that of death resulting from an accidental fall,
as suggested by appellant.   There was more than ample proof
of the *corpus delicti*.   (*People* v. *Selby,* 198 Cal. 426 [245
Pac. 426] ; *People* v. *Murillo,* 119 Cal. App. 59 [5 Pac. (2d)
897] ; *People* v. *Wolcott,* 137 Cal. App. 355 [30 Pac. (2d)
601] ; *People* v. *Ybarra,* 68 Cal. App. 259 [228 Pac. 868] ;
*People* v. *Durborow,* 130 Cal. App. 615 [20 Pac. (2d) 708] ;
*People* v. *Clark,* 70 Cal. App. 531 [233 Pac. 980] ; *People* v.
*Westlake,* 106 Cal. App. 247 [289 Pac. 212] ; *People* v. *Bonilla,*
114 Cal. App. 219 [299 Pac. 784] ; *People* v. *Coker,* 78 Cal.
App. 151 [248 Pac. 542] ; *People* v. *Bollinger,* 196 Cal. 191
[237 Pac. 25].)

■   Appellant seeks to make the point that there must,
under the law, be evidence connecting the defendant with the
crime other than the confession of the accused, and that there
is here no such other evidence.   It is well settled that the
identity of the perpetrator of a crime is no part of the *corpus
delicti* (*People* v. *Cowling,* 6 Cal. App. (2d( 466 [44 Pac.
(2d) 441] ; *People* v. *Bonilla,* 124 Cal. App. 212 [12 Pac.
(2d) 64] ; *People* v. *Flores,* 34 Cal. App. 393 [167 Pac. 413] ;
*People* v. *Vertrees,* 169 Cal. 404 [146 Pac. 890] ; *People* v.
*Wagner,* 29 Cal. App. 363 [155 Pac. 649] ; *People* v. *Moe,*
116 Cal. App. 740 [3 Pac. (2d) 354] ; *People* v. *Sameniego,*
118 Cal. App. 165 [4 Pac. (2d) 809, 5 Pac. (2d) 653] ;
*People* v. *Garcia,* 101 Cal. App. 213 [281 Pac. 508] ; *People*

v. *Strider,* 96 Cal. App. 632 [274 Pac. 601]; *People* v. *Lo-curto,* 97 Cal. App. 185 [275 Pac. 462]), and that proof of the *corpus delicti* plus proof of the confession of the defendant is sufficient to sustain a conviction. (*People* v. *Emmett,* 123 Cal. App. 678 [12 Pac. (2d) 92]; *People* v. *Ross,* 61 Cal. App. 61 [214 Pac. 267]; *People* v. *Eldridge,* 72 Cal. App. 386 [237 Pac. 770]; *People* v. *Ruef,* 57 Cal. App. 230 [206 Pac. 775].)

█ The remaining point is that the evidence will not sustain a conviction of first degree murder. Concretely this raises the question as to whether the evidence is sufficient to establish that the killing occurred in the perpetration of a robbery. All such killings are murder in the first degree. (Pen. Code, sec. 189; *People* v. *Hendricks,* 129 Cal. App. 156 [18 Pac. (2d) 715]; *People* v. *Anderson,* 1 Cal. (2d) 687 [37 Pac. (2d) 67].) The brief of respondent declares that "the only evidence from which the degree of the crime in this case can be fixed is the defendant's own admissions." A reading of the transcript, however, discloses that when the body was found the deceased's pockets were empty and turned inside out, a ten-cent coin was found lying upon the bed and another ten-cent coin was just outside the window on the light well, together with several letters addressed and belonging to the deceased, a membership card in the "540 Club Cafe" bearing the signature John D. Vernon, and a receipt for dental services rendered to "John Vernon". Underneath the steps at the back of the building were found two envelopes (introduced in evidence but only partially described) and a tooth paste package; an empty pocketbook was lying outside of the steps, a watch was outside upon the bank above the steps and a pocketknife and key were found in an ash pile behind the steps.

Taking the circumstances as a whole, they warrant the inference and constitute *prima facie* proof that the deceased was not only beaten to death but that he was robbed of his possessions, his pockets emptied and left pulled out, and letters and other property of the victim thrown away by his assailant. █ *Prima facie* proof of the *corpus delicti* is sufficient to render admissible the voluntary confessions and admissions of the accused, "and having been so properly admitted in evidence they may, with the evidence *aliunde,* be considered by the jury in its determination whether or not

all the elements of the crime and the connection therewith of the accused have been established to a moral certainty and beyond all reasonable doubt''. (*People* v. *Selby,* 198 Cal. 426, 436 [245 Pac. 426], followed in *People* v. *Domenighini,* 81 Cal. App. 484 [245 Pac. 292] ; *People* v. *Coyle,* 81 Cal. App. 671 [254 Pac. 597].) There was ample proof herein of the *corpus delicti* of murder in the first degree, independent of the extrajudicial declarations of appellant, and this proof, coupled with the confession of the accused, is sufficient to support the verdict and the judgment.

Judgment affirmed.

Crail, J., and Stephens, P. J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 1, 1935.