THE TERRITORY OF HAWAII *v.* C. K. YOON.

No. 2505.

Submitted October 9, 1943.           Decided December 4, 1943.

Kemp, C. J., Peters and Le Baron, JJ.

OPINION OF THE COURT BY LE BARON, J.

The defendant was tried and convicted of the crime of embezzlement in the second degree before the lower court, jury waived. He prosecutes this writ upon six assignments of error.

Assignments three and six are omitted in the defendant's brief and hence are deemed to have been abandoned.

Assignment one alleges error in the time at which the case was set for trial, its grounds being that the trial judge disregarded the order of cases on the court's calendar in fixing the day of trial at five days from the entry of plea, thereby preventing the defendant from procuring a witness necessary to the defense and from properly preparing for trial, as well as depriving the defendant of the counsel of his choice. These grounds are not argued in the brief and none of them are substantiated by the record, which shows that although the trial originally was set as alleged, it was later reset at the instance of the defendant for a time sixteen days after the entry of plea at which time the trial actually was held, the defendant making no objection to its commencement on that date nor moving for a continuance. Under this state of the record, the assignment is frivolous.

Assignment two specifies error in the overruling of a demurrer. The grounds of the error are alleged to be that the information charges "the commission of a crime of embezzlement in the alternative, and purports to charge the defendant with the embezzlement of the property described as the property of Edward Townsend and at the same time purports to charge the defendant with the embezzlement of the same property being the property of Frank Silva."

The statute (R. L. H. 1935, § 5505; see § 5493) prohibits a misjoinder of offenses from being made the basis for the sustaining of a demurrer. However, the assignment does not raise the question of misjoinder of offenses,

but rather that of an alternative pleading by separate counts. The information, demurred to by the defendant, sets forth the same transaction in two counts for the expressed purpose of meeting the proof, both counts charging embezzlement of the same check but each laying the ownership thereof in different persons. In our opinion, it is the better practice, sanctioned by statute (S. L. 1941, § 5497A, p. 236) to set up the same transaction by as many counts as the Territory may deem necessary to meet the various phases which the proof may possibly develop. In the instant pleading the phase to be met was the proof of ownership, the counts in other respects being identical. Such is a proper and accepted mode of criminal pleading (see 18 A. L. R. 1077, ann.; 1 Whar. Cr. Proc. [10th ed.] 385, 399, §§ 335, 347; 27 Am. Jur. 688, § 130; 31 C. J. 776, 780, §§ 339, 344; see also R. L. H. 1935, § 5502) in that it would have been improper to have pleaded conflicting ownerships alternatively in one and the same count. (See *Burgess* v. *State*, 161 Md. 162, 166, 155 Atl. 153, 75 A. L. R. 1471.) There is consequently no merit to be found in the assignment. However, we deem it proper to point out that we have not overlooked the fact that the Territory did not identify the check by describing it in the information as to form and contents, thus not properly informing the defendant as to the nature and cause of the accusation, nor fully protecting him against future jeopardy for the same offense. (See Const. U. S., 6th and 5th Ams.) The record does not disclose that this defect of pleading was made the subject of an exception, nor is it raised by any assignment of error. It is therefore deemed to have been waived.

Assignment four alleges error in "overruling defendant's motion to dismiss these proceedings on the ground that the additional bill of particulars did not fully comply with the orders of the Court and the Judge thereof with

reference thereto," but it does not disclose what these orders are or the nature and extent of the alleged noncompliance. It is thus incomplete and gives no clear and definite information upon which to base any precise point of law. Hence it does not qualify as an assignment of error contemplated by statute (R. L. H. 1935, § 3557; see *Zen* v. *Koon Chan*, 27 Haw. 369), nor does the record show that the defendant in the lower court questioned the sufficiency of the additional bill of particulars or made any attempt to rectify the deficiency alleged by his assignment to exist. Consequently the defendant, not having invoked a ruling from the court below, is in no position in this court to complain, even had his assignment been complete. (*State* v. *Roy*, 40 N. M. 397, 415, 60 P. [2d] 646, 657, 110 A. L. R. 1, 16.)

Assignment five alleges that the trial judge erred in denying the defendant's motion for his discharge. The motion was made at the close of the Territory's case upon the ground that the proof was in fatal variance with the information which charged the embezzlement of the check. The sole basis of this variance was stated to be that the proof showed that "if anything was embezzled, it was the money and not the check," for the reason, given in the assignment, that the use made by the defendant of the check was proved to be lawfully authorized. The act relied upon by the Territory to constitute a fraudulent conversion was the cashing of the check at the bank. It is also the use referred to in the assignment.

The assignment thus presents the abstract question whether a lawfully authorized use may be at the same time a fraudulent conversion. The answer as a matter of law is in the negative, a lawfully authorized use being one made in full accordance with the entrustment purpose. Proof of such would be a defense to an embezzlement charge. Proof that the proceeds obtained from the exer-

cise of such authority were misappropriated thereafter would be fatally at variance with a charge of embezzling the original thing of value, which is the theory of the fifth assignment. On the other hand, a use made other than for the entrustment purpose clearly would be unauthorized. Proof that such misuse was for the benefit of the user in direct violation of the entrustment purpose would be unlawful, tending to show a fraudulent conversion, and would therefore be in harmony with a charge of embezzlement. However, it is fundamental that in order to establish any act of embezzlement there must be proof of a fraudulent or felonious intent.

In the instant case the determination of whether it was the check which was embezzled, or only its proceeds, depends upon the point of time at which such intent was first conceived. This question is one of fact. (*People* v. *Hughes*, 79 Cal. App. 697, 250 Pac. 869; *People* v. *Coyle*, 81 Cal. App. 671, 254 Pac. 597.) As stated in *State* v. *Baumhager*, 28 Minn. 226, 231, 9 N. W. 705, 706: "The distinction must be kept in view between the offense and the evidence of it. The first possession being lawful, the act of embezzlement consists, in a certain sense, in a mere act of the mind, without any outward and visible trespass, as in the case of ordinary larceny. That this mental act of fraudulent appropriation has taken place has to be inferred from the conduct of the defendant. Roscoe's Cr. Ev. 453."

The undisputed proof shows that the defendant was entrusted with the check for the specific purpose of paying another. He therefore had the authority to cash the check for that purpose only. But the proof further shows that after the entrustment the defendant secured by false representation his employer's permission to cash the check, which the defendant proceeded to do, and then forthwith misappropriated the money for himself. This conduct is

proof that the defendant after being in lawful possession of the check conceived the fraudulent intent to convert it to his own use and carried out such intent by subsequently cashing it for his immediate enrichment rather than for the purpose of paying another. Thus his use was proved to have been coupled with a fraudulent intent as well as being contrary to the entrustment purpose. It was therefore unlawful and unauthorized. Consequently the proof clearly is not at fatal variance with the information as to the identity of the thing embezzled. It is further competent and substantial evidence of a fraudulent conversion and embezzlement of the check itself as definitely as if the defendant had no authority at all to cash it. Hence as a matter of law the proof was sufficient to justify the trial judge's denial of the defendant's motion. No other question was raised by the assignment. It is therefore without merit.

The judgment below is affirmed.

*O. P. Soares* for the defendant, plaintiff in error.

*C. E. Cassidy*, Public Prosecutor, and *J. E. Parks*, Assistant Public Prosecutor, for the Territory.