[Crim. No. 3855.   Second Dist., Div. Two.   Feb. 8, 1945.]

THE PEOPLE, Respondent, v. RICHARD L. MAINHURST, Appellant.

George Stahlman for Appellant.

Robert W. Kenny, Attorney General, and Everett W. Mattoon, Deputy Attorney General, for Respondent.

McCOMB, J.—From a judgment of guilty of grand theft, after trial before the court without a jury, defendant appeals.

There is also an appeal from the order denying his motion for a new trial.

The evidence being viewed in the light most favorable to the People (respondent), the essential facts are:

On November 23, 1943, Mr. Karsh left his Cadillac sedan in front of 1388 West Washington Boulevard, Los Angeles. When he came out of the building he discovered that his automobile was gone. About fifteen minutes later he located his automobile at Twenty-fourth and Hoover Streets. There was no one in the car, but he saw defendant and another man walking away from his automobile. Mr. Karsh and his brother-in-law ran after defendant and his companion and when they caught up with them Mr. Karsh's brother-in-law said, "What is the idea of taking the car?", whereupon defendant's companion hit him in the mouth and a fight ensued. After the fight defendant and his associate fled. Shortly thereafter defendant and his companion were arrested in a garage in the rear of 2355 Scarff Street. When arrested defendant gave the name of "Richard Bailey." Defendant had his hat and coat off and when asked by the officer if he cared to put them on, he replied, "I might as well."

On November 24, 1943, defendant after being asked by Mr. Rombeau to tell exactly what happened, made the following statement in substance; that he (defendant) had purchased a .45 automatic at Tijuana about three months before, and that on November 23, 1943, he and a Mr. Booth had planned to go out and steal a car; that in driving around the vicinity of 1388 West Washington Boulevard they noticed Mr. Karsh's Cadillac sedan with the keys in it; that he got out of his own car and drove the Cadillac sedan to the vicinity of Twenty-fourth and Hoover Streets; that they planned to rob some person, and he had accordingly left the Cadillac sedan near the curb where they could get away in it; that as he and his companion were walking away from the car.

two men came up and started to grab them; that his companion hit one of the men, after which they ran into a garage, took off their hats and coats and hid the .45 revolver under the floor in the garage.

Defendant relies for reversal of the judgment on two propositions which will be stated and answered hereunder seriatim:

First: *There was no proof of the corpus delicti.*

This proposition is untenable and is governed by the following established rules of law:

■ (1) The corpus delicti of the crime of grand theft of an automobile consists in (i) a felonious taking, (ii) without the consent of the owner, (iii) of an automobile. (Pen. Code, § 484; *People* v. *Cahill,* 11 Cal.App. 685, 689 [106 P. 115].)

■ (2) The identity of the perpetrator of a crime is no part of the corpus delicti. (*People* v. *Meyers,* 7 Cal.App.2d 351, 354 [46 P.2d 282].)

■ (3) The corpus delicti may be proven by circumstances shown in evidence, or by inferences reasonably drawn therefrom. (*People* v. *Wiezel,* 39 Cal.App.2d 657, 664 [104 P.2d 70].)

■ Applying the foregoing rules to the facts in the instant case it is clear that the corpus delicti was proven independent of the admissions of defendant. The evidence discloses that Mr. Karsh's automobile was taken from him without his consent and against his will.

■ The statements of defendant to Officer Rombeau were admissible to prove defendant's identity as the perpetrator of the crime.

Since the corpus delicti was proven prior to the receipt of testimony of Officer Rombeau relative to defendant's admissions, there is no merit in defendant's contention that the statements of defendant were inadmissible because there was no proof of the corpus delicti.

■ Second: *The evidence is insufficient to sustain the judgment since there is no evidence that defendant took Mr. Karsh's automobile with the intent of depriving him thereof permanently.*

This proposition is likewise without merit. The trial judge was justified in inferring and finding from the evidence that defendant took Mr. Karsh's automobile with the intent of permanently depriving him thereof. ■ The intent with which an act is done is for the determination of the trier of fact from all of the evidence before the court, and such deter-

mination will not be disturbed by an appellate court when, as in the present case, there is substantial evidence to sustain the trial court's finding. (*People* v. *Jeffries,* 47 Cal.App.2d 801, 808 [119 P.2d 190]; *People* v. *Palumbo,* 127 Cal.App. 703, 707 [16 P.2d 316]; *People* v. *Cahill, supra,* at p. 689.)

For the foregoing reasons the judgment and order are and each is affirmed.

Moore, P. J., and Wood (W. J.), J., concurred.