THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JESS HART *et al.* Plaintiffs in Error.

*Opinion filed October 28, 1926.*

1. CRIMINAL LAW—*motions for continuance and for a separate trial must be incorporated in bill of exceptions.* Motions for a continuance or for a separate trial, with the supporting affidavits, must be incorporated in the bill of exceptions before they can be considered by the Supreme Court on review.

2. SAME—*when an instruction as to reasonable doubt cannot be regarded as prejudicial.* An instruction that the reasonable doubt a jury are permitted to entertain to authorize an acquittal must be as to the guilt of the accused on the whole evidence and not as to any particular fact in the case not necessary to constitute the crime charged is improper without informing the jury what are the essential material facts to constitute the crime, but it cannot be regarded as prejudicial where all the material elements of the crime are proved and where the court has given, at the request of the defendants, an instruction requiring an acquittal unless every material allegation is proved beyond a reasonable doubt, without detailing the material allegations.

3. SAME—*conviction may be sustained by circumstantial evidence.* The Supreme Court will reverse a conviction on circumstantial evidence where the evidence does little more than raise a suspicion of guilt, or where any one fact is established inconsistent with guilt, or where the circumstances can be explained on a reasonable hypothesis consistent with innocence; but circumstantial evidence is legal evidence, and where it is of so strong and convincing a character as to satisfy the jury of the guilt of the defendant beyond a reasonable doubt, it is the duty of the jury to act upon it and find the defendant guilty, and such verdict must be sustained by the Supreme Court.

WRIT OF ERROR to the Circuit Court of Saline county; the Hon. A. E. SOMERS, Judge, presiding.

CHARLES H. THOMPSON, and JACOB W. MYERS, for plaintiffs in error.

OSCAR E. CARLSTROM, Attorney General, CHARLES T. FLOTA, State's Attorney, VIRGIL L. BLANDING, and K. C. RONALDS, for the People.

Mr. JUSTICE HEARD delivered the opinion of the court:

Plaintiffs in error, Jess Hart and Steve George, were jointly indicted at the December, 1925, term of the circuit court of Saline county for the crime of burglary of and larceny from the store house of Hosea Parks. A jury trial resulted in a verdict of guilty as to each of them, and Hart was sentenced by the court to the Illinois State Reformatory at Pontiac and George to the Southern Illinois State Penitentiary at Chester for indeterminate terms. The record of their conviction is before this court for review upon writ of error.

Plaintiff in error George assigns as error the overruling of his motions for a continuance and for a separate trial. Neither the motion for continuance nor the motion for separate trial, with the supporting affidavits, is incorporated in the bill of exceptions, and therefore they cannot be considered by this court on review. *People* v. *Bush,* 300 Ill. 532.

At the request of the State's attorney the court gave to the jury an instruction that the rule requiring the jury to be satisfied of the guilt of the defendants, from the evidence, beyond a reasonable doubt in order to warrant a conviction, is complied with if, taking the testimony all together, the jury are satisfied, beyond a reasonable doubt, that the defendants, or either of them, is or are guilty, and that the reasonable doubt that the jury are permitted to entertain to authorize an acquittal must be as to the guilt of the accused on the whole evidence and not as to any particular fact in the case not necessary to constitute the crime charged. It is contended by plaintiffs in error that the giving of this instruction was error, as neither it nor any separate instruction stated to the jury what were the essential material facts necessary to constitute the crime

charged. Plaintiffs in error are not in a situation to raise this question, as at their request the court gave to the jury an instruction telling them that the law required, before they could convict the defendants of the crime charged in the indictment, the prosecution to prove, beyond a reasonable doubt, every material allegation contained in the indictment, and that unless they had done so the jury should acquit the defendants, without informing the jury what were the material allegations contained in the indictment. The indictment charged plaintiffs in error with burglary and larceny. The evidence showed conclusively that the crime of burglary and larceny was committed by some persons. That all the facts necessary to constitute the crime of burglary and larceny were proven was not a fact controverted before the jury or before this court. The latter part of this instruction, so frequently criticised by this court, (*People* v. *Cramer,* 298 Ill. 509; *People* v. *Seff,* 296 id. 120; *People* v. *Johnson,* 317 id. 430; *People* v. *Costello,* 320 id. 79;) should not have been given, but in the state of the record in this case, where there can be no question but that all the material elements of the crime charged had been proven, the giving of this instruction could not possibly have misled the jury and did not constitute reversible error. *People* v. *Costello, supra.*

It is contended by plaintiffs in error that the evidence in the case is not sufficient to sustain the conviction of either of them. Hosea Parks was the proprietor of a small country store at Rudement, Saline county. About 1:30 A. M. on December 6, 1925, this store was burglarized and a large portion of the stock of merchandise taken from the store and piled upon the store porch and a portion of the merchandise carried away by the burglars. No witness positively identified either plaintiff in error as being one of the burglars, and the evidence against them consists almost entirely of facts and circumstances introduced in evidence by the State. No evidence in denial or expla-

nation of any of these facts and circumstances was offered
by either of the defendants.   Rudement is located about
nine miles southeast of Harrisburg and is connected there-
with by hard road route 34.   The store, with a porch in
front, faces the north and is built up to the south line of
route 34, which runs in front of the building east and west.
To the east of the store building, running north and south,
is a road 50 feet wide.   An oil station facing in the same
direction as the store building is located some 50 feet east,
its front line being about on a line with the front of the
store building.   South of the oil station about 75 or 100 feet
is located the residence of Parks.   Parks testified that about
1 :30 or 2 :00 o'clock A. M. on December 6 he awoke, looked
out of his window and saw someone on his store porch.
He got his revolver and fired a shot at the man, who ran
east of his garage, and he then saw two men leave the store
and go west on the State road; that he fired four shots at
them, and they dodged out of sight on the south side of
the road next to Wriston's, which is about 200 yards west
of the store on the State road; that he then went into the
store, lighted a lamp, put a bucket of water in the radiator
of his car, directed his wife to notify the sheriff's office,
and drove down in front of Wriston's place and woke Wris-
ton; that while there he heard someone say, "Get in the
car; let's make our getaway;" that it was the voice of
Jess Hart, whom he had known all his life and seen every
week or two; that he then saw a Ford car 200 yards away,
at the edge of the roadside; that the Ford car went west,
running without lights; that he got in his car and followed
it about three-quarters of a mile, when the Ford car turned
around and went east, with its lights flashed on; that he
then turned his car around and went back to the store and
called the sheriff; that he then got in his car with Wriston
and Joe Travelstead and went southeast about a mile and
found a Ford car by the side of the road without a license
number or hood; that he afterwards found the hood of the

car 300 yards west of the store; that on arriving at the
Ford car they got out, Wriston and Travelstead going to
its east side while he went to the west; that Hart was in
the car, covered with a quilt; that Wriston told Hart to
come out of the car, and Hart said, "This is Jess, Hosey;"
that the engine of the car in which Hart was found was
warm; that Hart said he had been there half an hour; that
he had been hunting, was tired, came along and saw the
car and got into it; that he walked there; that he said at
first that he had a horse back there but later said that he
did not leave a horse; that he had no gun nor did they see
any dog; that he asked if they had seen his dog; that Hart
was then arrested by a deputy sheriff, who had arrived
upon the scene from Harrisburg, and taken to Harrisburg,
Parks and his party accompanying them; that upon the
return from Harrisburg the party met Steve George about
seven miles from the store, walking along the highway in
the direction of Harrisburg; that George was a middle-
sized man, wearing a brown sheepskin coat with a high
collar; that the man on the store porch at whom witness
fired was a middle-sized man wearing a brown sheepskin
coat with a high collar; that he found a 45-caliber revolver
on George; that the man on the porch returned his fire,
and that, from hearing the pistol reports, in his judgment
the caliber of the pistol this man fired at him was a 45;
that they found on George a three-quarter-inch chisel; that
entrance into the store was effected by means of a brace
and bit and a chisel; that holes were bored in the door and
then cut out between the holes; that he found a brace and
bit under the porch, of which the bit was about the size of
the holes in the door; that the marks on the door were
chisel marks three-fourths of an inch wide; that when ar-
rested George had a wound on his lip which was bleeding.
Parks was corroborated as to the pursuit of the burglars
and the arrest of plaintiffs in error by Wriston and Travel-
stead.

J. W. Cummins testified that he lived about two and three-fourths miles southeast of Parks' store, on route 34; that when he was wakened by the telephone about two o'clock in the morning he did not hear any cars passing his place; that he got up and went to Parks' store; that he saw the lights of a car turn about where Hart was located; that when he reached the place Hart had been taken to town but he saw the tracks where the car had turned; that on his way home from the store he found an overcoat and two casings under a culvert about 400 steps north of the place where Hart was found in the car; that they were between the car and the store. He was corroborated as to the finding of the tracks where the car had turned and the finding of the overcoat and casings by his son. The overcoat and casings were identified as having been stolen from the Parks store. The rear seat cushion was missing from the Ford in which Hart was found. George told his captors that he lived with John Howard, at Harrisburg. The chief of police of Harrisburg, with others, went to the place where George lived and found there a cushion of a Ford car and took it to the car in which Hart was found, put it in its proper position in the car, and discovered that it fit the car and matched with the wear of the car. When arrested, George, like Hart, said he was coon and possum hunting, but he had no gun in his possession. He appeared to be tired. His explanation of the wood chisel was that he had it to skin his coons and possums.

Other minor circumstances are given in evidence by the various witnesses. The jury saw and heard the witnesses. The force of the incriminating circumstances was in nowise broken by evidence in denial or explanation introduced by the plaintiffs in error. The weight to be attached to these circumstances was a question for the jury. The court instructed the jury, among other things, that to authorize a conviction of the crime of burglary upon circumstantial evi-

dence alone, the circumstances must not only all be in harmony with the guilt of the accused, but they must be of such a character that they cannot reasonably be true in the ordinary nature of things and the defendant be innocent, and that before a conviction could properly be found upon circumstantial evidence the guilt of the accused must be so thoroughly established as to exclude every reasonable hypothesis of his innocence, and that if, after considering all the evidence, a reasonable doubt of the guilt of the defendants, or either of them, existed in their minds, they had no discretion whatsoever but must acquit the defendants.

While this court will not hesitate to reverse a judgment based on circumstantial evidence where the evidence for the People does little more than raise a suspicion of the guilt of the accused, or where any one fact has been established by the evidence which is inconsistent with his guilt, or where the circumstances can be explained upon a reasonable hypothesis consistent with the defendant's innocence, in this case there is no controlling fact or circumstance from which we can say that the verdict of the jury was wrong. Circumstantial evidence is legal evidence, and where it is of so strong and convincing a character as to satisfy the jury of the guilt of the defendant beyond a reasonable doubt, it is the duty of the jury to act upon it and find the defendant guilty, and such a verdict must be sustained by this court. From a careful scrutiny of the record in this case we are convinced that the jury were fully warranted in finding the defendants guilty.

The judgment of the circuit court will therefore be affirmed.                                    *Judgment affirmed.*