(No. 23331.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN NORRIS *et al.* Plaintiffs in Error.

*Opinion filed February 19, 1936.*

MAX LURIE, and EDWIN C. PODEWELL, for plaintiffs in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, JOHN T. GALLAGHER, and RICHARD H. DEVINE, of counsel,) for the People.

Mr. JUSTICE ORR delivered the opinion of the court:

The only error relied upon for reversal of the judgment in this case is that the People failed to prove the defendants John Norris and John Such, guilty beyond a reasonable doubt. Both were found guilty by a jury in the criminal court of Cook county of the crime of the larceny of an automobile. They were sentenced for a term of from one to twenty years in the penitentiary and now seek a reversal by writ of error.

Neither of the defendants testified in his own behalf or offered any evidence of any kind. The only witnesses at the trial were offered by the People. Harold Prange testified that his Ford V-8 sedan was stolen January 8, 1935, from the 6400 block on South Peoria street in Chicago and that he next saw his car in a garage, wrecked, on January 11, 1935. John Graham, a police officer, testified that on January 11, 1935, at 1:30 A. M., he and his partner were on duty, driving a police car north on Western avenue between Sixty-second and Sixty-third streets, when he observed an automobile traveling rapidly in the opposite direction. He turned and gave chase and repeatedly sounded his siren but could not overtake the speeding car. There was little or no street traffic on the night in question. The pavement was slippery and covered with a light snow. In his judgment the car ahead of them was going fifty miles an hour and out-distanced the officers by a block and a half or two blocks. Suddenly the car ahead seemed to swerve sidewise on the icy pavement and appeared to have struck a post or other obstacle. When they reached the scene, in front of 6541 Western avenue, they found the car wrecked, both doors off and two men lying in the street, one on either side of the car. These two men were the defendants John Norris, otherwise called John Mulcahy, and John Such. Both were taken to a hospital. Norris was unconscious and Such made no statement.

There is no question but what the Ford V-8 sedan, pursued by the police officers and wrecked, was the automobile stolen from Prange. Its identity was established by its owner and a police officer. The evidence showed that defendants were driving this car at a high rate of speed on icy pavements in an attempt to escape the police officers. The immediate finding of Norris and Such prostrate on the pavement near the wrecked car, with both of its doors torn off, is conclusive evidence that they were occupants of the car which had been stolen three days previously. They had possession of recently stolen property and made no explanation either of that fact or of their precipitate flight from the police officers.

We have held that circumstantial evidence is legal evidence, and where it is strong and convincing in character it is sufficient on which to base a conviction. (*People* v. *Hart,* 323 Ill. 61; *People* v. *Delorenzo,* 300 id. 124.) There is no legal distinction, so far as its weight and effect are concerned, between direct and circumstantial evidence. (*People* v. *Buskievich,* 330 Ill. 532; *People* v. *Garkus,* 358 id. 106.) In a prosecution for larceny, if the defendant's possession of the stolen property is soon after the commission of the crime and is unexplained, and the *corpus delicti* is proved beyond a reasonable doubt, a presumption of fact arises as to his guilt. (*People* v. *Sturdyvin,* 306 Ill. 138; *People* v. *Garkus, supra.*) In this case the *corpus delicti* was proved beyond a reasonable doubt, and the evidence showed that defendants had possession of the stolen automobile at the time it was wrecked. This fact and the other evidence, taken in connection with their failure to make any reasonable explanation of their actions, were sufficient to establish their guilt. *People* v. *Surace,* 295 Ill. 604.

The judgment is affirmed.

*Judgment affirmed.*