EPHRAM *v.* STATE.

(In Banc. June 14, 1948.)

[35 So. (2d) 708. No. 36770.]

**Mrs. E. R. Arrington**, of Hazlehurst, for appellant.

Greek L. Rice, Attorney General, by Geo. H. Ethridge, Assistant Attorney General, for appellee.

**McGehee, J.,** delivered the opinion of the court.

This appeal is from a conviction of grand larceny. The proof on behalf of the State discloses that the Chevrolet truck which is alleged to have been stolen was the property of John D. Burney; that his son Charles Burney had been using the truck in connection with some work in which he was then engaged; that the appellant J. P. Ephram was employed in this work by the said Charles Burney, and had driven this truck to the place of business of the B. and B. Implement Company at Crystal Springs where it was left during the day in charge of the

said Implement Company, and with the ignition key left therein. That this was done with the knowledge and consent of the said Charles Burney; that thereupon the said Burney carried the appellant to the town of Terry, where he worked during that day in company with other employees; that when the day's work was done the said Burney carried the appellant back to Crystal Springs in a car, and let him out at a filling station across the street from the said Implement Company; and that thereafter the appellant went to where the Chevrolet truck had been left that morning, drove it a short distance to his home near Gallman, then took other passengers into the truck and drove it back through Crystal Springs and up the highway to the Green Parrot; and that he wrecked and almost demolished the same while on route back to Crystal Springs.

Although the appellant did not testify in his own behalf, it appears from the evidence that when he was questioned by the owner of the truck, John D. Burney, and by a deputy sheriff, he freely and voluntarily admitted that he had used the truck, but said, in the language of the witnesses, that "Charles let him have it". He had given his fellow passengers the same explanation as to why he was driving the truck that night.

It is not expressly denied that the appellant had stated to Charles Burney during the day that he wanted to go to his home near Gallman that evening to get some clothes, but Charles Burney testified that he did not give him permission to use the truck, but admitted that he did not tell him not to use it. At any rate, the proof in the case does not establish any higher offense than that of trespass less than larceny, there being nothing in the evidence to indicate that the appellant intended to steal the truck. He was returning with it when he had the wreck and he evidently intended all the while to carry it back to where he got it, and to leave it there. Most assuredly he would not have carried his neighbors along as passangers if he had not intended to return with the truck.

Therefore, the granting of instructions to the jury such as would permit a conviction of grand larceny was erroneous and the cause must be reversed and remanded for a new trial.

Reversed and remanded.