(No. 31378.

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOSEPH BUCNIS, Plaintiff in Error.

*Opinion filed March 22, 1950—Rehearing denied May 15, 1950.*

Julian C. Ryer, of Chicago, for plaintiff in error.

Ivan A. Elliott, Attorney General, of Springfield, and John S. Boyle, State's Attorney, of Chicago, (John T. Gallagher, and Rudolph L. Janega, both of Chicago, of counsel,) for the People.

Mr. Justice Fulton delivered the opinion of the court:

By this writ of error, Joseph Bucnis, hereinafter referred to as defendant, seeks to reverse a judgment of conviction for the larceny of an automobile, rendered by a jury in the criminal court of Cook County.

Testimony in this cause indicates that in May, 1949, one Ernest Challberg was the owner of a Ford automobile. He had parked the car before his home in the evening of May 23 and had locked the ignition, doors and windows. About 3:00 o'clock in the morning on May 24, 1949, he was called to the Damen Avenue Police Station in the city of Chicago, and there identified his automobile which then had a fender smashed, no-draft windows smashed and grill bumper damaged.

Challberg's car had been, under the evidence, involved in two accidents. In the first accident it sideswiped another car at a stop light, and, in endeavoring to get away from that scene, crashed head on into another car, almost imme-

diately in front of the Damen Avenue Police Station. Two police officers testified that they saw the stolen car immediately after the sound of the crash, saw no one in it other than the defendant, saw the defendant open the right hand door and get out of the car and run, and testified that they had been forced to fire shots in the air to halt the defendant. Other police officers, two in number, testified that they saw the stolen car immediately after the crash, saw the defendant alight from the car and run away.

The defendant testified that he had been to Riverview Park, leaving when the park closed at 12:30 or 1:00 o'clock in the morning. He missed an elevated train and was walking toward a restaurant to obtain something to eat when the stolen car pulled up alongside and the driver invited him to ride. He claimed he was in the car when the first accident occurred, asked to be let out, but his request was refused. He further states that when the second crash occurred, the driver left the car by the left door and ran away between two rows of cars. To substantiate this, one Lawrence Jones was brought from the Juvenile Court where he was being detained on criminal charges and a private conference was held with him in the judge's chambers. There he stated he was the person who stole the car and that the defendant was not implicated in any manner. He was taken to another room and was allowed to talk to his father on the telephone. Apparently, a reporter was listening and took down the conversation, which was read back to the court in chambers. It indicates that Jones was possibly being paid to testify, but it also indicates that Jones admitted that he was the person who had stolen the car. Although the defendant states that he did not know the driver of the car, Jones states that he knew the defendant quite well.

In addition, a stipulation was entered into to the effect that the defendant herein had been convicted on two prior occasions of other crimes and that he was now being tried for his third offense.

The indictment in this cause was in four counts, the first count charging the larceny of an automobile. Prior to trial, the last three counts of the indictment were dismissed.

The defendant now contends that a reversal is required in this case because (1) the continuance asked by the defendant should have been granted and its refusal deprived the defendant of substantial legal and constitutional rights; (2) the refusal of the request of the defendant for the appointment of counsel other than the public defender deprived him of a substantial constitutional right; (3) much incompetent evidence was admitted against the defendant to his prejudice; and (4) the court below improperly and erroneously admitted People's rebuttal evidence which, if competent at all, should have been given in the main or principal case. In addition to these and other technical legal objections, the defendant contends that the court erred in giving instructions 7 and 10 for the People and refusing to give instruction 2 requested by the defendant. Defendant further states that count 1 of the indictment must also fall, as the testimony clearly shows that the defendant did not steal the automobile, but that it was stolen by another person.

As to the contention that the court erred in not allowing the motion for a continuance, the defendant argues here that with the continuance he would have been better able to have prepared his defense, including the summoning of witnesses and the preparation of essential instructions. All witnesses who could have been called by the defendant were called herein, including the one claiming to have stolen the car. A reading of the instructions discloses that the jury was fully instructed on the law applicable to this case and it is difficult for us to see how more time could have involved more or other proper instructions in the case.

Nor is there any merit in the defendant's contention that there was error in the denial by the court of his request for other counsel. The trial had begun, the jury had been

sworn and there was no basis for a change in counsel at that time. The record shows that the only purpose for which the defendant desired a new attorney was that he did not feel he was getting an adequate defense and that he was being rushed to trial. The record indicates that counsel did all that could be asked for the defendant and there is no showing whatsoever that the defendant was prejudiced by failure to receive new counsel or for a continuance in the cause.

The defendant also complains of the testimony of the police officers and of the owner of the car, as well as the introduction in evidence of the bumper wire by which means the car had been started on the evening it was stolen. The argument of the defendant in this regard, made without proper citation of authority, does not bear out his claim. The testimony of the police officers was that they saw but one man leave the car in question and that the car was within their direct view immediately following the accident. Further, it should be noted that no objection was raised by defendant to the testimony at the time it was presented. Objections which are of a character to be cured or obviated by amendment must be made in the trial, and, if not made, are waived. *People* v. *McCurrie,* 337 Ill. 290.

The evidence in behalf of the defendant is very contradictory. The defendant stated that he did not know the driver of the car who had picked him up. Jones, who claimed to be the driver, stated that he had known the defendant for a long period of time. The defendant states that the accident occurred on Damen or Western Avenue. Jones claims that the accident occurred on Montrose Avenue. The defendant states that the driver of the car took him for someone else, while Jones testified that he recognized the defendant and the defendant requested a ride home. Defendant stated that he did not get anything to eat and never arrived at the restaurant. Jones stated that

they had gone to the restaurant referred to by the defendant, and had something to eat. All of the other testimony in behalf of the defendant was likewise contradicted by the police officers. The jury had the opportunity to hear the witnesses testify, and where the crime charged has been proved by clear and convincing evidence, a reviewing court will not disturb the verdict of the jury, whose province it is to determine the weight of the evidence and the credibility of the witnesses. *People* v. *Hanisch,* 361 Ill. 465; *People* v. *DeFrates,* 395 Ill. 439.

The defendant further argues that the State's instruction 7 was unsound and misleading in instructing the jury that the flight of the defendant was a proper circumstance to be considered in determining his guilt or innocence. *People* v. *Gibson,* 385 Ill. 371, cited by the defendant as illustrating the error of this instruction, does not bear out his contention. The case stands for the fact that flight is a proper circumstance to be considered in determining the guilt or innocence of the accused. Instruction 10 related to the exclusive possession of the stolen property by the defendant shortly after the commission of the crime. If unexplained, such possession may itself raise an inference of guilt. This is according to the law stated in *People* v. *Barnes,* 311 Ill. 559.

The argument of defendant as to refused instruction 2 is not valid. All of the law in that instruction was covered by given instruction 2. The series of instructions, considered as a whole, fully and fairly announced the law applicable to the facts on the theories of the State and of the defendant, respectively. This is sufficient. *People* v. *Susanec,* 398 Ill. 507.

The judgment of the criminal court of Cook County is, therefore, affirmed.

*Judgment affirmed.*