420 P.2d 270

STATE of Arizona, Appellee,

v.

Cheryl "Dusty" JACKSON, Appellant.

No. 1593.

Supreme Court of Arizona.

In Banc.

Nov. 23, 1966.

Darrell F. Smith, Atty. Gen., Walter O. Holm, former Asst. Atty. Gen., for appellee.

Allan J. Stanton, Phoenix, for appellant.

STRUCKMEYER, Chief Justice.

Appellant Cheryl "Dusty" Jackson was charged with the crime of grand theft, automobile. She waived a jury trial and was found guilty as charged. From the judgment of conviction and sentence, she brings this appeal.

On November 2, 1964, at 8:00 o'clock in the morning, Mrs. Max Spoon parked her husband's Chevrolet automobile at 320 South 19th Avenue in the City of Phoenix, Arizona. At noon of the same day, she returned to where she had parked the automobile and found it missing. Shortly thereafter, she reported the loss to the Phoenix police. At about 2:20 o'clock that afternoon, a police officer of the City of Phoenix saw appellant driving the car on 19th Avenue near Buckeye Road, a distance of eight blocks from where the car was stolen. Seated in the car with appellant was a man. When appellant saw the officer, who was in a police car, she accelerated her vehicle and the officer pursued her. Finally, she abandoned the car in a densely populated housing project in which she lived, jumped out of it, and ran from the officer. The passenger in the car, who had a wooden leg and no left hand, was taken into custody.

At her trial, appellant testified that shortly before noon on November 2nd she met some friends, whom she would not identify, at a small cafe in downtown Phoenix and that, at their request, she drove the car to south Phoenix in order to meet them there later. She also testified that her companion in the vehicle was one of the persons she had met at the cafe; that when she saw the officer at the intersection of 19th Avenue and Buckeye Road her passenger told her the car was stolen. For this reason she drove it to the housing project and fled after abandoning it. Appellant acknowledged that, at the time, she was out of work and broke and, having pawned her watch, was going to leave the state. Other testimony disclosed that the car's registration certificate had been removed from the steering column and placed in the glove compartment.

Appellant urges two propositions: First, that, in a prosecution for theft, the intent to deprive the owner permanently of possession of the stolen property must be proved beyond a reasonable doubt; and, second, that where there are two degrees of a public offense and there is a reasonable doubt as to which of the two she is guilty, she may be convicted only of the lower or lesser offense. The two offenses to which appellant refers are A.R.S. § 13–661, grand theft, and A.R.S. § 13–672, commonly known as the "joyriding" statute.

Appellant's second proposition is unsound. The crime of joyriding as defined in § 13–672 is not an offense included within grand theft, but is a separate and distinct crime. We said in State v. Parsons, 70 Ariz. 399, 222 P.2d 637:

"Grand theft requires a specific felonious intent to deprive the owner permanently of his property, Hurley v. State, 22 Ariz. 211, 196 P. 159; Impson v. State, 47 Ariz. 573, 58 P.2d 523, whereas the specific intent required for the misdemeanor of using a vehicle without the consent of the owner is the intent at the time of taking 'of temporarily using or operating the same'." 70 Ariz. at p. 407, 222 P.2d at p. 642.

See also People v. Tellez, 32 Cal.App.2d 217, 89 P.2d 451. Accordingly, where, as in this case, the information charged only the crime of grand theft, the trial court could find appellant not guilty, or guilty of the offense as charged, but not of another separate and distinct offense, even though ostensibly related. If it had any reasonable doubt as to appellant's guilt of the crime of grand theft, it was duty bound to return a verdict of not guilty.

This brings us to appellant's first proposition, that there must be established an intent to permanently deprive the owner of his property beyond a reasonable doubt. In considering appellant's argument, we accept the principle that if the inference of appellant's intent to appropriate the car permanently is as consistent with the theory that she took it for a temporary use, the court should have found the defendant not guilty. Pottinger v. State, 122 Fla. 405, 165 So. 276; People v. DeStefano, 23 Ill. 2d 427, 178 N.E.2d 393; Ephram v. State, 204 Miss. 879, 35 So.2d 708; West v. State, 119 Neb. 633, 230 N.W. 504; Kiser v. State, 141 Tex.Cr.R. 530, 150 S.W.2d 257.

However, in considering the sufficiency of the evidence to sustain a judgment of conviction, we must examine it in the light most favorable to the State. State v. Kruchten, 101 Ariz. 186, 417 P.2d 510; State v. Perez, 94 Ariz. 290, 383 P.2d 745. The criminal intent, of course, may be established by circumstantial evidence. Porris v. State, 30 Ariz. 442, 247 P. 1101; and see People v. Johnson, 191 Cal.App.2d 694, 13 Cal.Rptr. 1; Malone v. State, 169 Ind. 72, 81 N.E. 1099.

Among other circumstances, it appears that appellant resided on South 20th Avenue in the City of Phoenix and the stolen vehicle was parked on South 19th Avenue. Appellant testified that on the morning of November 2, 1964, she walked from her home to downtown Phoenix. Accordingly, the trial judge could have believed that she had ample opportunity to commit the theft with which she was charged. Opportunity is a potent circumstance, when considered in connection with other incriminating facts, upon which to sustain a conviction. People v. Viets, 79 Cal.App. 576, 250 P. 588.

It is also almost universally recognized that proof of possession by an accused, of recently stolen property, warrants an inference that he was the taker. This has been the unvarying rule of this jurisdiction (see Taylor v. Territory, 7 Ariz. 234, 64 P. 423; and Territory v. Casio, 1 Ariz. 485, 2 P. 755) and has been applied repeatedly to cases involving the larceny or theft of automobiles. See People v. Bucnis, 405 Ill. 568, 92 N.E.2d 158; Ballard v. State, 68 Okl.Cr. 39, 95 P.2d 239; Patton v. State, 54 Okl.Cr. 393, 22 P.2d 116; 1 Wigmore on Evidence (3rd Ed.) 598. The possession of recently stolen property when taken with other inculpatory evidence will support a conviction. People v. Blackburn, 65 Cal.App.2d 538, 151 P.2d 24; People v. Norris, 362 Ill. 492, 200 N.E. 330.

Appellant recognizes that unexplained possession of stolen property is a fact from which the possessor's guilt may be inferred, and urges that the rule has not been applied to an automobile theft. But it has. Thus, in People v. Norris, supra, the only evidence was that the defendants were seen driving a stolen car three days after the taking. A police car gave chase and the defendants sped away, striking a post and wrecking the car. When the police car came alongside, defendants were lying on the road alongside the car, unconscious. The Illinois Supreme Court held that possession, coupled with evidence of flight, was sufficient to sustain a verdict of auto theft.

In Hernandez v. State, 148 Tex.Cr.R. 566, 189 S.W.2d 876, two boys took a car and were apprehended driving it on the highway outside of the city where it was taken. One defendant testified that he had no intention of stealing the car but merely wanted to take a ride. The Court said:

"* * * an issue of fact was raised which the jury decided adversely to him. * * * this court would not be author-

ized to invade the province of the jury and set aside their conclusions of appellant's guilt."

See also People v. Mainhurst, 67 Cal.App. 2d 882, 155 P.2d 843; West v. State, 51 Ga.App. 7, 179 S.E. 206; State v. Dyett, 114 Utah 379, 199 P.2d 155.

 Appellant, when intercepted by the Phoenix police, fled at a high rate of speed and, upon parking the stolen automobile, jumped from it and ran from the point where the vehicle was abandoned. This circumstance alone is sufficient to support a conviction. People v. Wells, 187 Cal.App. 2d 324, 9 Cal.Rptr. 384; People v. Norris, supra; Daniels v. State, 135 Tex.Cr.R. 377, 120 S.W.2d 594. Other circumstances which support the trial court's finding of guilt are those showing that appellant was unemployed and considered leaving the state.

In considering the evidence of appellant's criminal intent, we adhere to the view that the wrongful taking of another's property, without his consent *and with no apparent purpose of returning it,* in the absence of explanatory circumstances, evidences an intent to deprive the owner permanently of his property. Robinson v. State, 113 Ind. 510, 16 N.E. 184. Obviously, the trial court completely rejected as unsatisfactory appellant's explanation that the vehicle was given to her by unidentified friends. In Murphy v. State, 50 Ariz. 481, 73 P.2d 110, we said:

"Appellant's explanation of how he came into the possession of the articles so recently stolen was so improbable and 'fishy' that it evidently carried no weight with the jury."

The trial judge, in the absence of a satisfactory explanation, not only could have disregarded appellant's testimony, but also could have inferred from its unsatisfactory nature, that there was no apparent intent to return the automobile. Porris v. State, supra; People v. Warren, 175 Cal.App.2d 233, 346 P.2d 64; Godbee v. State, 58 Ga.App. 412, 198 S.E. 800;

People v. Robinson, 179 Cal.App.2d 658, 4 Cal.Rptr. 145. There is a reasonable inference from false or unsatisfactory testimony that the truth would not support a conclusion that the taking was temporary.

There being ample evidence to support the judgment that appellant took the Chevrolet automobile with the intent to permanently deprive the true owner thereof, the judgment is affirmed.

Judgment affirmed.

BERNSTEIN, V. C. J., and UDALL, LOCKWOOD and McFARLAND, JJ., concur.