People of the State of Illinois, Plaintiff-Appellee, v. John Wesley Williams, Defendant-Appellant.

Gen. No. 10,866.

Fourth District.

August 18, 1967.

Albert E. Hurt, Public Defender, of Decatur, for appellant.

Basil G. Greanias, State's Attorney of Macon County, of Decatur (J. Daniel King, Assistant State's Attorney, of counsel), for appellee.

CRAVEN, P. J.

The defendant was indicted for theft of property in excess of $150 value. A jury trial resulted in a verdict of guilty and the defendant was sentenced to a term of not less than two nor more than ten years in the state penitentiary. This appeal is from that conviction.

It is here urged that error was committed in the trial court in permitting certain witnesses to testify whose names were not endorsed on the indictment, that the evidence was insufficient to convict and that there was error in the giving and refusing of instructions.

■ Two names of witnesses were endorsed on the indictment. Nine witnesses were permitted to testify for the People at the time of the trial. The seven not endorsed on the indictment were objected to on the grounds that section 114–9 of chapter 38, Ill Rev Stats 1965, should be construed so as to limit the prosecution to the testimony of only those witnesses endorsed on the indictment. That statute provides:

"(a) On motion of the defendant the court shall order the State to furnish the defense with a list of prosecution witnesses and their last known addresses.

"(b) The court may permit witnesses not named in an original or amended list to testify when the names of the additional witnesses were not known and could not have been obtained by the exercise of due diligence prior to trial.

"(c) The requirements of subsection (a) of this Section shall not apply to rebuttal witnesses."

The prior statute, former section 729 of chapter 38, as the Committee Comments state, was substantially similar to the present law except that it was applicable only to felonies. The present statute, like its predecessor, has as its purpose the requirement that the State furnish the accused with a list of witnesses in order to prevent surprise and in order to enable the defendant to combat false testimony. See People v. Quevreaux, 407 Ill 176, 95 NE2d 62 (1950), as to the prior statute. In People v. Brown, 68 Ill App2d 17, 214 NE2d 465 (2nd Dist 1966), the court held that there must be a showing of surprise or prejudice before the action of the trial court in permitting testimony of unlisted witnesses to testify would be reversed under the existing statutory language.

■ ■ In this case the defendant made no demand for a list of witnesses as contemplated by the quoted section of the Code of Criminal Procedure. He sought

211

■■■■■■■■

no continuance but did interview some of the witnesses prior to their testimony. It is argued here that by listing two witnesses on the indictment the defendant was entitled to anticipate that no other witnesses would be called. We do not agree. Section 114–9 affords the defendant a means of obtaining a list of prosecution witnesses. Error in permitting testimony of unlisted witnesses cannot be urged in the absence of a showing that the statutory machinery to obtain a list of witnesses has been utilized, and even then a prerequisite for error is the necessity for showing surprise or prejudice. See People v. Webb, 60 Ill App2d 365, 208 NE2d 639 (1st Dist 1965) ; People v. Poland, 22 Ill2d 175, 174 NE2d 804 (1961).

■■ The defendant urges error in the giving and refusing of instructions but submits an abstract that does not contain all of the given and refused instructions. Only three given instructions and two refused instructions are abstracted. Such an abstract is insufficient to present the issue of the validity of the instructions since it is elemental that the instructions will be construed as a series, and we cannot examine one or two isolated instructions to determine the question of whether or not the jury was adequately or erroneously instructed. See People v. Donald, 29 Ill2d 283, 194 NE2d 227 (1963), and cases there cited. Our examination of this record, however, and all of the instructions as a series establishes that the jury was properly instructed.

Finally, the defendant contends that the evidence is not sufficient to support the jury verdict of guilty. A determination of this issue requires an examination of the evidence.

The defendant was charged with the theft of an electric power transformer. An employee of the Illinois Power Company, owner of the transformer, testified that on July 25, 1966, he examined an electrical power trans-

former substation in which three transformers were stored. One of the transformers was missing. The lock on the gate of a chain link fence surrounding the substation was missing, and upon investigation he discovered the casing of the missing transformer outside the substation area but the transformer was minus the core. Another inspection the following day disclosed that another transformer was then missing, casing and core.

Another employee of the power company testified that in the early afternoon of July 26, 1966, he went to the defendant's residence and observed the defendant and the missing transformer which he identified. The core was then being cut up by the defendant in the yard of his residence. A Ford station wagon and a homemade trailer were also in the back yard.

Two boys playing in the vicinity of the substation testified to having seen the defendant on the premises of the substation working on a transformer which was on the ground. They were attracted to the scene when the defendant was observed by them to be cutting on the chain link fence. They refused the defendant's offer of five cents if they would not tell anyone of his presence at the substation and would help him load the transformer. A neighbor saw a drum on a trailer in the defendant's yard. Inquiry by him as to the nature of the object and where the defendant obtained it brought a response from the defendant that he obtained the "drum" from the city dump. The neighbor also observed the defendant cutting on this object.

Other testimony by police officers, essentially cumulative, was to the effect that they observed the defendant cutting copper wire from the core of a transformer in his yard. The defendant was a junk dealer.

■ The defendant testified regarding the acquisition of the transformer, his testimony being that the transformer fell from a truck which he observed stopped

213

on the highway, and that the transformer was given to him and at his expense loaded onto his vehicle by a tow truck with a winch.

The finding of guilty by the jury on the basis of the above and foregoing evidence is, in our view, amply supported by the evidence. We cannot say that there was a failure to establish guilt beyond a reasonable doubt.

The judgment of the circuit court of Macon County is accordingly affirmed.

It is appropriate here to make a procedural observation. Supreme Court Rule 612, relating to appeals in criminal cases, incorporates by reference Rule 341 as applicable to appeals in civil cases. The appellant's brief is to contain a statement of facts necessary to an understanding of the case without argument or comment. The brief of the appellee need contain no statement of facts except to the extent that the presentation by the appellant is deemed unsatisfactory. In either case, the statement of facts is to be objective and without argument or comment. The brief of the appellee in this case offends against this requirement. Seven pages of the twenty-page brief are devoted to the statement of facts. It is not clear in what respect he asserts the appellant's brief is deficient as to the statement of facts. In any event, the appellee's statement of facts is neither objective nor without comment. Rather, he divests himself of his inventory of adjectives.

While it may be that the material set forth in the statement of facts could have been appropriately placed in the argument portion of the brief, a following of the rules as to briefs is to be encouraged.

Judgment affirmed.

SMITH and TRAPP, JJ., concur.