**People of the State of Illinois, Plaintiff-Appellee, v. Eugene Marino, et al., Defendants-Appellants.**

**Gen. No. 51,023.**

First District, First Division.

May 13, 1968.

A. J. Marco and A. F. Mannina, of Downers Grove, for appellant Eugene Marino.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and James B. Zagel, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE ADESKO delivered the opinion of the court.

Defendant Marino was indicted for the offense of theft in that he knowingly obtained and exerted unauthorized control over certain property of Louis Zahn Drug Company, intending to deprive said company permanently of the use and benefit of said property in violation of section 16-1(a) of the Criminal Code. (Ill Rev Stats 1963, c 38, § 16-1(a).) Upon trial by jury together with the four other defendants, Marino was found guilty as charged. He now prosecutes this appeal.

Defendant raised the following points:

> (1) The Court erred in denying the defendant's motion to suppress evidence;

(2) The State's case was purely circumstantial and a grave and serious doubt of guilt existed once the defense explained the circumstances on a reasonable hypothesis consistent with innocence;

(3) The testimony of the State's witness, Helen Nowak, was not credible and completely unworthy of belief so that defendant was not proven guilty beyond a reasonable doubt.

On defendant's motion, we permitted him to adopt the abstract and brief filed by counsel for the defendants in case No. 50,956. Defendant here adopts by reference every error assigned therein.

Our opinion in People v. Marino, 95 Ill App2d 369, contains a full discussion of the relevant facts and there is no need to repeat them. The only fact not discussed there is the capture of Marino. Mrs. Nowak was the neighbor of the defendant, who informed the police about the situation which led to the arrests. She testified that after the police ran past the garage chasing the men who had jumped over the fence, Marino emerged from the garage and ran into his house. He then came back out, only this time his shoes were untied and his hair messed up. When he walked outside, he was arrested.

Marino did not testify at the trial. He did, however, testify during the motion to suppress. He claimed the merchandise in the garage was not his, but belonged to the man who had rented the garage from him. Marino also claimed that he did not know about any truck until he came out of his house.

With respect to the motion to suppress, we dealt fully with this issue in No. 50,956. Marino now voices only one additional argument, based on People v. DeFilippis, 34 Ill2d 129, 214 NE2d 897 (1966). Although the main issue was whether a defendant must allege a possessory interest in property seized in order to pursue a motion to suppress that evidence, the court did state:

393

"(I)f they (officers) did not gain their knowledge until after a wrongful entry into the protected premises, it is clear that the subsequent search and seizure cannot be deemed to have been incident to a lawful arrest." (Citations omitted.) (P 138.)

The cases relied on in DeFilippis, People v. Bankhead, 27 Ill2d 18, 187 NE2d 705 (1963) and People v. Parren, 24 Ill2d 572, 182 NE2d 662 (1962), both deal with the reliability of the informant. However, the instant case involves the police responding to the call of a known person. Marino's motion to suppress was thus properly denied.

■ ■ With respect to the sufficiency of the evidence, defendant argues that "legitimate doubts were raised as to the recency, exclusiveness and personal possession of the property." We cannot agree. Mrs. Nowak testified that Marino led Rago, Pettit and Monteleone to the garage and opened it up for them. She also testified that quite often during 1963 and 1964, Marino would open the garage, a truck or car would pull in and then leave with Marino following in his car. These facts clearly show Marino exercising control over the contents of the garage and those contents included stolen drugs. These statements of fact by Mrs. Nowak were proper rebuttal to Marino's defense that someone else owned the goods in the garage.

■ Defendant also argues that because this conviction is based on circumstantial evidence, such evidence must "thoroughly establish guilt as to exclude every reasonable hypothesis of innocence." See Wharton's Criminal Evidence, 12th Edition, § 6. However, Wharton goes on to say in section 980, "circumstantial evidence need not be such that no possible theory other than guilt can stand: only proof beyond a reasonable doubt is required. It is not necessary that circumstantial evidence exclude every possibility of the defendant's innocence, or produce

absolute certainty in the minds of the jurors." This statement is the law in Illinois. People v. Lofton, 64 Ill App 2d 238, 212 NE2d 705 (1965). The chain of evidence in the instant case was clearly sufficient for the jury to find beyond a reasonable doubt that Marino participated with the other defendants in the exercise of control over the stolen property.

■ ■ Defendant's final additional argument is that Mrs. Nowak's testimony was not credible and is completely unworthy of belief. Just because Mrs. Nowak incorrectly identified which defendant was arrested by Sergeant Prokop does not mean the remainder of her testimony must be disregarded. This merely goes to the weight of her testimony. Secondly, the very statement of the defendant's theory as set forth in People v. Ruffin, 406 Ill 437, 442, 94 NE2d 433 (1950), clearly shows that it is only applicable to situations where the witness knowingly, willfully, and corruptly misstates the truth. There is no indication in the instant case that Mrs. Nowak deliberately lied. Furthermore, the rule is permissive. The jury "has the right" to disregard the testimony of a witness who intentionally lies. In the instant case, the jury chose to believe Mrs. Nowak. This was their prerogative.

For the foregoing reasons and the reasons set forth in People v. Marino, 95 Ill App2d 369, the judgment of the Circuit Court of Cook County, Criminal Division, is affirmed. However, for the same reasons set forth in 50,956, this cause is remanded to the Circuit Court to conduct a hearing in aggravation and mitigation and to set the term of imprisonment accordingly.

Judgment affirmed and cause remanded with directions.

BURMAN, P. J. and MURPHY, J., concur.