**People of the State of Illinois, Plaintiff-Appellee, v. Barnester Smith, Defendant-Appellant.**

**Gen. No. 52,575.**

First District, Second Division.

March 18, 1969.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Saul H. Brauner, Norman W. Fishman, and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and James Veldman, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE McCORMICK delivered the opinion of the court.

The defendant, Barnester Smith, was indicted for theft of property of a value in excess of $150. He was tried before a jury, was convicted, and sentenced to a term of one to five years in the Illinois State Penitentiary. The only question before this court is whether he was convicted beyond a reasonable doubt.

Defendant was accused of stealing a 1965 Pontiac from in front of the owner's home at 7335 South Michigan Avenue, Chicago. The owner of the car, Robert Cummings, is the complaining witness in the case.

On July 10, 1966, at about 2:30 a. m., police officers in a passing squad car noticed an automobile parked in the alley at 6252 South Ellis Avenue. They checked the license number and found it listed on their "hot sheet." When they approached the car the defendant was sitting behind the wheel, and two men were coming to the car carrying barbecue which they were delivering to the defendant. The officers removed the ignition key from the car after determining that it would start the engine and would open the door on the passenger side of the car, then placed the defendant under arrest, taking him and the other two men to the police station. The two men were later released after questioning.

At the time the officers first came to the car the defendant denied that it was stolen and said it belonged to his uncle; that his uncle's name was Cummings, and that he lived at 73rd and Michigan. In the trial of the case he testified that he had not stolen the car, but that he had seen it parked in the same place in the alley for several days, and had sat in it to drink, rather than stand in the alley or drink in a tavern. He also testified that a police officer found half a bottle of whisky when he searched the car. This statement was denied by the police officer.

The car had been driven about 400 miles between the time it was stolen and the time of defendant's arrest. Defendant was searched at the police station after his arrest, and a gasoline credit card was found in his wallet, together with a purchase receipt bearing the license number of the stolen car and dated the day before the arrest. At the trial the defendant testified he had never put gasoline into the car and that he did not use a credit card.

■   At the time of the arrest of defendant no question was raised, or could be raised, that the car in question was stolen. It is the law that the possession of

stolen property soon after its theft affords evidence of guilt and may be sufficient to create a prima facie case. The presumption of guilt is one of fact arising from the accused's unexplained possession of recently stolen property where the corpus delicti has been proved. People v. Norris, 362 Ill 492, 200 NE 330. It is also the rule that where a defendant found in exclusive possession of stolen property attempts to explain it, he must tell a reasonable story or be judged by its improbabilities. People v. Meyers, 412 Ill 136, 105 NE2d 746; People v. Williams, 86 Ill App2d 209, 229 NE2d 158. In People v. Pride, 16 Ill2d 82, 156 NE2d 551, the rule is laid down that "recent possession" may be as long as 25 days from the time of the theft.

██ In the case before us the defendant was proved to have been in exclusive possession of the car. The fact that the police officer testified to the finding of the credit card and the gas receipt in the defendant's wallet, together with his being found in the car at the time of his arrest, is sufficient. The evidence against the defendant was purely circumstantial. In People v. Marino, 95 Ill App2d 391, 238 NE2d 256, the court said at page 394:

> "Defendant also argues that because this conviction is based on circumstantial evidence, such evidence must 'thoroughly establish guilt as to exclude every reasonable hypothesis of innocence.' See Wharton's Criminal Evidence, 12th Edition, § 6. However, Wharton goes on to say in section 980, 'circumstantial evidence need not be such that no possible theory other than guilt can stand: only proof beyond a reasonable doubt is required. It is not necessary that circumstantial evidence exclude every possibility of the defendant's innocence, or produce absolute certainty in the minds of the jurors.' This statement is the law in Illinois. People v. Lofton, 64 Ill App2d 238, . . . ."

It is well-settled law that the credibility of the witness is a question to be determined by the trier of the facts.

People v. Davis, 69 Ill App2d 120, 216 NE2d 490, cited by the defendant, lays down the rule that the exclusive possession of a recently stolen automobile is sufficient to warrant a conviction for theft of that automobile. It also holds that mere association with a stolen article is not necessarily the possession of that article, and before any inference of guilt can arise from the circumstance it must be shown that the accused was in possession.

In the instant case, the evidence of finding the credit card and the gas receipt in the defendant's wallet satisfies that requirement. In People v. Norris, supra, the court said at page 494:

> "In this case the corpus delicti was proved beyond a reasonable doubt, and the evidence showed that defendants had possession of the stolen automobile at the time it was wrecked. This fact and the other evidence, taken in connection with their failure to make any reasonable explanation of their actions, were sufficient to establish their guilt. People v. Surace, 295 Ill 604."

Upon a careful examination of the record in the instant case it is evident that the defendant was proved guilty beyond a reasonable doubt. The judgment of the Circuit Court is affirmed.

Affirmed.

LYONS, P. J. and BURKE, J., concur.