ETHRIDGE, Chief Justice:
James Slay, appellant, was convicted in the Circuit Court of Copiah County of grand larceny for stealing an automobile belonging to Hammond Ford Motor Company in Crystal Springs. We hold that the verdict is against the great weight of evidence on the issue of specific intent to deprive the owner of its property, and thus reverse and remand this case.
Slay, eighteen years of age, had enlisted in the Army in December 1969, and was spending the holidays with his grandparents in Crystal Springs before reporting for active duty on January 5, 1970. On the night of December 31, 1969, Slay, along with two other boys who were fifteen and sixteen years of age, took a 1964 Chevrolet automobile from the used car lot of the motor company. Slay drove the car off of the lot. He said that it was their intention to ride around town and to take the car back the next morning. During the course of their ride, the automobile was stopped by a police officer, and defendant was given a ticket for driving without a license and failure to have a tag. He gave the officer a fictitious name, stating that the car belonged to his parents in New Orleans. Later that night, around 1:30 A.M., the three boys attempted to buy gasoline from a self-service station in Crystal Springs. The city marshal noticed the boys and pulled up behind them at the service station. The three were evidently having trouble getting the gas pump to take their money, and the marshal told them to leave. As they left, he recognized the car as one belonging to the motor company and pursued it. After a short chase within the city limits of Crystal Springs, the marshal caught Slay after he had wrecked the automobile which he was driving. The defendant and his two young companions had driven around within the boundaries of the *364 small city of Crystal Springs; they did not leave it.
The specific intent to deprive the owner of his property is a necessary ingredient of larceny. There must be criminal intent wholly and permanently to deprive the owner of his property. It is not larceny to take a thing for a temporary purpose with the bona fide intention of returning it. Hence the taking of property with the intention of using it temporarily and with no intention of depriving its owner permanently is not larceny. So when one takes an automobile, intending only to ride or drive it somewhere and then to restore it to the possession of the owner or leave it where he may reclaim it, this is not larceny. 2 Wharton’s Criminal Law and Procedure § 454 (Anderson’s ed. 1957) ; 50 Am.Jur.2d Larceny § 36 (1970); 52A C.J.S. Larceny § 27 (1968).
Code section 2254 defines trespass less than larceny, and makes it a misdemeanor for any person without the consent of the owner to take away an automobile where that act shall not amount to larceny. Miss. Code 1942 Ann. § 2254 (1956).
Examination of the evidence shows that the State’s case on the charge of larceny is quite weak, although we think that it was enough to survive a request by defendant for a peremptory instruction. Slay, 18 years of age, was to report for Army duty in five days. He with two younger boys wrongfully, he admitted, took the car from the motor company lot and drove it around in Crystal Springs. They were stopped by an officer and Slay was given a ticket for driving without a license and tag, but they continued to drive around in that city. There is no evidence that they intended to take the car out of the city limits. When the marshal pursued them, the car was wrecked in making a turn within the city. The jury could consider the fact of the initial wrongful taking of the car on the issue of whether there was specific intent to deprive the owner of the property permanently. However, that was the only substantive evidence indicating a larcenous intent. The great weight of the evidence indicates that these boys, having wrongfully taken the car by an act of trespass, simply intended to drive it around town on that New Year’s Eve night. Somewhat similar is Ephram v. State, 204 Miss. 879, 35 So.2d 708 (1948); see also Edwards v. State, 178 Miss. 696, 174 So. 57 (1937).
The trial court erred in admitting evidence as to the extent of the damage to the automobile. The fact that it was wrecked while Slay was being pursued by the marshal was admissible, but the extent of the damage to the car was of no probative value on the issue of specific intent, since its wrecking was not purposeful. Ephram v. State, supra.
Reversed and remanded.
RODGERS, BRADY, INZER and ROBERTSON, TT., concur.